Terry Wayne **HARDEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–96–00221–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 24, 1998.

774

Tony Aninao, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

Before ROBERTSON, DRAUGHN and SEARS, JJ.*

## OPINION ON MOTION FOR REHEARING

SAM ROBERTSON, Senior Justice (Assigned).

Appellant, Terry Wayne Hardeman, was charged by information with the delivery of a controlled substance, namely cocaine, weighing less than twenty-eight grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 1992). Appellant pled guilty without an agreed punishment recommendation from the State, and stipulated that two enhancement allegations were true. The trial court deferred a finding of guilt and placed him on ten years probation. The following year the State filed a motion to adjudicate appellant's guilt, alleging he had violated the conditions of his probation. After a hearing on the State's motion, the trial court found appellant guilty and assessed punishment at confinement for life in the Texas Department of Criminal Justice, Institutional Division. In four points of error, appellant contends (1) the trial court erred by imposing sentence without giving him an opportunity to present evidence in mitigation of punishment, (2) his attorney was ineffective because she did not object to the trial court's failure to conduct a separate punishment hearing before sentencing, (3) the evidence was insufficient to support the trial court's findings on the enhance-

* The Honorable Sam Robertson, Joe L. Draughn and Ross A. Sears, sitting by assignment.

ment paragraphs, and (4) the trial court erred by failing to arraign appellant on the enhancement paragraphs. We affirm.

On original submission we held the trial court erred in failing to conduct a separate punishment hearing after finding appellant guilty in a motion to adjudicate proceeding. The State correctly contests the soundness of our decision.

■ In his first point of error, appellant argues the trial court erred in imposing a life sentence without conducting a separate punishment hearing *after* finding him guilty at the motion to adjudicate. We disagree.

■ Following a finding of guilt in a motion to adjudicate, the defendant is entitled to offer evidence in mitigation of punishment *if such evidence has not already been elicited during the proceedings. See Issa v. State,* 826 S.W.2d 159, 161 (Tex.Crim.App.1992) (emphasis added). In this case, appellant testified during the hearing to revoke probation and to adjudicate guilt concerning facts in mitigation of punishment. His attorney questioned him at length regarding his rehabilitation, his attempts at self-improvement through education, his counseling of other people and his job skills. Appellant not only had the opportunity to present evidence in mitigation of punishment—he in fact presented such evidence.

Moreover, appellant did not request the opportunity to present additional evidence before the court assessed punishment. And while the court of criminal appeals has held that a motion for new trial may be utilized to preserve such error, *see Issa,* 826 S.W.2d at 160; *Borders v. State,* 846 S.W.2d 834, 836 (Tex.Crim.App.1992), in both of those cases, the motion for new trial indicated with some specificity the evidence each appellant would present given the opportunity. Here, appellant's motion for new trial only complained that the motion to adjudicate proceeding "was invalid" because the trial court imposed punishment "without conducting a separate hearing after the finding of guilt" and that the trial court failed to provide the defendant and his counsel "an opportunity to be heard to present evidence in mitigation of the penalty." Without having apprised the trial

court of what additional evidence would have been offered, appellant has not preserved this complaint for appellate review. Accordingly, we overrule point of error one.

In our original opinion, we declined to address appellant's remaining points of error because of our disposition of point of error one. Because we have altered that disposition in this opinion, we must now address appellant's remaining complaints.

In his second point of error, appellant contends his trial attorney was ineffective because she did not object to the trial court's failure to conduct a separate punishment hearing.

■ In *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App.1980), the Court of Criminal Appeals set forth the standard for assessing claims of ineffective assistance of counsel during the punishment phase of noncapital offenses. *See Valencia v. State,* 946 S.W.2d 81, 83 (Tex.Crim.App.1997) (stating that *Duffy* sets forth standard). The test is whether the defendant received reasonably effective assistance of counsel. *Id.* (citing *Duffy,* 607 S.W.2d at 516; *Ex parte Walker,* 794 S.W.2d 36, 37 (Tex.Crim.App.1990)). In applying this standard, we need not find the attorney's performance errorless, and we do not judge the representation by hindsight. *See Ex parte Felton,* 815 S.W.2d 733, 735 (Tex.Crim. App.1991). Instead, we consider the totality of the attorney's representation. *See Ex parte Canedo,* 818 S.W.2d 814, 815 (Tex. Crim.App.1991).

Under the *Duffy* standard, it is clear the representation appellant received in this case was not ineffective. As we noted in our analysis of appellant's first point of error, appellant's attorney *did* present evidence of mitigation; she simply did it during the adjudication hearing, rather than asking for a separate punishment hearing. As to the issue of effectiveness of her representation, we find it of no moment that the attorney chose to present the evidence at one hearing rather than at another.

In any event, even if we were to consider the representation ineffective, appellant has not shown he was harmed. *See Davis v. State,* 830 S.W.2d 762, 765 (Tex.App.—Hous-

ton [1st Dist.] 1992, pet. ref'd) (holding defendant must show he was harmed by alleged ineffective assistance). The record reflects that appellant's attorney questioned appellant at length about his rehabilitation, his attempts to improve himself through education, his counseling efforts, and his job skills. Thus, the trial court heard evidence of mitigation.

We find the representation afforded appellant was not ineffective, and if it was, appellant was not harmed. Accordingly, we overrule point of error two.

In his third and fourth points of error, appellant complains of alleged error committed during the proceedings when he originally entered his plea. Specifically, appellant contends the evidence was insufficient to support the trial court's findings on the enhancement paragraphs, and that he was not arraigned on the two prior convictions contained in the enhancement paragraphs.

In response to appellant's complaints, the State challenges our authority to consider points of error three and four. We find the State's challenge meritorious.

There is no constitutional right to appellate review of a criminal conviction. *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim.App.1992). Parties are entitled to appeal only that which the Texas Legislature has authorized. *See Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex.Crim.App.1992). The Legislature has provided that a defendant may appeal *from the original plea proceeding* after the State has moved for adjudication of guilt. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1998) (stating that all proceedings, including appeal, proceed as if adjudication has not been deferred) (emphasis added). The defendant may even pursue his appeal at the time he is placed on deferred adjudication. *See Olowosuko*, 826 S.W.2d at 942 (stating that Legislature intended to allow appeal from deferred adjudication order).

The Legislature has specifically determined, however, that there shall be no appeal from the trial court's determination to adjudicate guilt. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1998);

*Phynes*, 828 S.W.2d at 2; *Olowosuko*, 826 S.W.2d at 942; *Goins v. State*, 826 S.W.2d 733, 734–35 (Tex.App.—Houston [14th Dist.] 1992, no pet.). This court may not review such a case, and must, in fact, dismiss a direct appeal of a decision to adjudicate. *See Castiblanco–Gomez v. State*, 882 S.W.2d 564, 567 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (citing *Phynes*, 828 S.W.2d at 2).

In this case, appellant is not appealing from the original plea proceeding; rather, he is appealing from the trial court adjudication of guilt. Thus, appellant's complaints in points of three and four are not reviewable by this court.

In conclusion, we withdraw our opinion of June 25, 1998, and our decision overruling the State's motion for rehearing, and now grant the State's motion for rehearing and affirm the trial court's judgment.