NO. 07-02-0445-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 3, 2003
_____

GARY LYNN COOK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 42,186-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to a guilty plea on May 26, 2000, to the offense of injury to an elderly person, appellant Gary Lynn Cook was placed upon deferred adjudication community supervision for a term of five years. Later, the State filed a motion to proceed with adjudication of guilt and, on October 10, 2002, the trial court conducted a hearing on the motion. Without the benefit of a plea bargain, appellant pled true to five of the seven violations alleged by the State in its motion, and the trial court adjudicated him guilty. After

hearing evidence relevant to punishment, the court sentenced appellant to eight years confinement. In presenting this appeal, counsel has filed an *Anders* brief in support of a motion to withdraw. *See* Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Based upon the rationale expressed herein, we affirm.

In her brief, counsel certifies she has diligently reviewed the record and determined that, in her opinion, it reflects no reversible error or grounds upon which an appeal can be predicated. *Id.* Thus, she concludes, the appeal is without merit and is frivolous. Also in the brief, appellant's attorney candidly discusses why, under the controlling authorities, there is no error in the court's judgment. *See* High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978).

Furthermore, counsel for appellant certifies she served a copy of the brief on appellant and informed him that, in her view, the appeal is without merit. Attached to the brief is a copy of a letter by which the attorney notified appellant of his right to review the record and to file a *pro se* brief. This court notified appellant he had until March 24, 2003, to file a response to his attorney's brief or motion. Appellant has neither filed a *pro se* brief nor requested an extension of time within which to do so.

Initially, we note that no appeal may be taken from a trial court's determination to adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12, § (5)(b) (Vernon Supp. 2003); Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999). Thus, this Court may not review such a case and must, in fact, dismiss a direct appeal of a decision to adjudicate. Hardeman

2

v. State, 981 S.W.2d 773, 776 (Tex.App.–Houston [14th Dist.] 1998), *aff'd*, 1 S.W.3d 689 (Tex.Cr.App. 1999). Thus, we have no jurisdiction to review the trial court's order adjudicating appellant guilty. However, an appeal may be had to challenge the assessment of punishment and pronouncement of sentence. *See* Art. 42.12, § (5)(b).

Generally, a penalty imposed within the range of punishment established by the Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478 (Tex.App.--Eastland 1996, pet. ref'd). Appellant was adjudicated guilty of intentionally or knowingly causing bodily injury to an elderly person, a third degree felony with a range of punishment from two to ten years. Tex. Pen. Code Ann. §§ 12.34(a), 22.04(f) (Vernon 2003). We find the trial court did not err in sentencing appellant to eight years confinement.

Notwithstanding, we have made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 ( 1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex. Cr.App. 1974).

Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.