**PETITION FOR DISCRETIONARY REVIEW**
OF
**NOS. 01-13-00640-CR;
01-13-00641-CR**[1]

**IN THE COURT OF CRIMINAL APPEALS**

**DUSTIN WAYNE GLENN**
*Appellant*

v.

**THE STATE OF TEXAS**
*Appellee*

On Appeal from Cause Numbers 12CR2237 & 12CR2238
From the 405th District Court of Galveston County, Texas

**PETITION FOR DISCRETIONARY REVIEW**

APRIL 29, 2015

**DAVID SUHLER**
P.O. Box 540744
Houston, Texas 77254-0744
(713) 522-1220
drsuhler@davidsuhler.xohost.com
Bar Card No. 19465900
Attorney for Appellant

---

[1] This PDR involves the same defendant and is closely related to another PDR filed
for Cause Nos. 01-14-00042-CR & 04-14-00195-CR, filed on the same day.

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT                                          Mr. Dustin Wayne Glenn

PROSECUTOR AT MOTION                  Taniya Henderson
TO ADJUDICATE AND                         600 59th Street
MOTION FOR NEW TRIAL                   Galveston, TX 77551
HEARING

DEFENSE COUNSEL AT MOTION          Tommy James Stickler
TO ADJUDICATE HEARING                   235 W. Sealy St.
                                                             Alvin, Texas 77511

DEFENSE COUNSEL AT MOTION          David Suhler
FOR NEW TRIAL HEARING AND          P.O. Box 540744
ON APPEAL                                          Houston, Texas 77254

PRESIDING JUDGE                               Honorable Michelle Slaughter
                                                             405th Judicial District
                                                             Galveston County, Texas

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................................... 2

TABLE OF CONTENTS........................................................................................ 3

INDEX OF AUTHORITIES ................................................................................... 4

STATEMENT REGARDING ORAL ARGUMENT.......................................................... 6

STATEMENT OF THE CASE ................................................................................. 6

STATEMENT OF PROCEDURAL HISTORY ............................................................... 6

GROUNDS FOR REVIEW.................................................................................... 7

STATEMENT OF FACTS...................................................................................... 7

SUMMARY OF THE ARGUMENT.......................................................................... 9

ARGUMENT ................................................................................................. 10

    **GROUND ONE** ..................................................................................**10**
    **IS ERROR PRESERVED FOR THE LACK OF A PUNISHMENT HEARING WHEN
    MITIGATION EVIDENCE IS PRESENTED AT THE MOTION FOR NEW TRIAL
    HEARING?** .........................................................................................**10**

    **GROUND TWO** ...................................................................................**13**
    **HAS THE FIRST COURT OF APPEALS DENIED THE RIGHT FOR IMPARTIAL
    APPELLATE REVIEW BY CLAIMING PREJUDICE CANNOT BE SHOWN WHEN THE
    SAME JUDGE THAT ISSUED A SENTENCE RULES ON THE MOTION FOR NEW
    TRIAL?** ..............................................................................................**13**

PRAYER FOR RELIEF ...................................................................................... 16

APPENDIX................................................................................................... 17

# INDEX OF AUTHORITIES

**Cases**

*Arriaga v. State*, 335 S.W.3d 331, 337 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) ............................................................................................................ 14

*Atkins v. Virginia,* 536 U.S. 304, 320-21, 122 S. Ct. 2242, 2252 (2002) .......................... 14

*Glenn v. State*, No. 01-13-00640-CR, 01-13-00641-CR, 11-12 (Tex.App.—Houston [1st Dist.] 2015) ................................................................................... 9, 10, 13, 14

*Goody v. State*, 433 S.W.3d 74, 81 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) . 13, 14

*Hardeman v. State*, 981 S.W.2d 773, 775 (Tex. App.—Houston [14th Dist.] 1998, pet. granted) .............................................................................................................. 12

*Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992) .............................................. 9, 10

*Lopez v. State*, --- S.W.3d ----, 14-15 (Tex.App.—Houston [1st Dist.] 2015) ................. 15

*Lopez v. State*, 96 S.W.3d 406, 415-16 (Tex. App.—Austin 2002, pet. ref'd) ................ 11

*Potts v. State*, No. 14-10-01172-CR, 2012 WL 1380230, at *1 (Tex. App.—Houston [14th Dist.] Apr. 19, 2012, no pet.) ................................................................ 14

*Salinas v. State*, 980 S.W.2d 520, 521 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) .............................................................................................................. 11

*Shanklin v. State*, 190 S.W.3d 154, 164 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd) ............................................................................................................ 14

*Wiggins v. Smith*, 539 U.S. 510, 527–28, 123 S. Ct. 2527, 2541–42 (2003) ..................... 15

**Statutes**

Tex. Cod. Crim. Proc. Sec. 44.02...................................................................................9, 13

**Other Authorities**

*Mental Illness, Your Client and the Criminal Law: A Handbook for Attorneys Who Represent*

*Persons With Mental Illness*, Texas Appleseed, et. al., 3rd Ed. (October 2005).............. 15

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

## STATEMENT OF THE CASE

Appellant, Mr. Dustin Glenn, gave a nolo contendere plea to two misdemeanors while on probation.[2] (M.A.J. State's Exhibits 3 & 4; M.N.T. R.R. at 17; C.R. 12CR2237 & 12CR2238 at 8). The State filed motions to adjudicate that same afternoon. (C.R. 12CR2237 at 16). At his motion to adjudicate hearing, Mr. Glenn pleaded "not true" to each violation. (M.A.J. R.R. at 7-13). Without a separate punishment hearing, the court found that Mr. Glenn had violated each of the allegations in the motions to adjudicate and then sentenced Mr. Glenn to twelve years in prison. (M.A.J. C.R. 12CR2237 at 30, 12CR2238 at 34).

Mr. Glenn filed a motion for new trial and the court held a hearing. (M.A.J. C.R. 12CR2237 at 44; 12CR2238 at 48). The motion for new trial was denied. (M.A.J. C.R. 12CR2237 at 48.)

## STATEMENT OF PROCEDURAL HISTORY

Mr. Glenn timely filed his notice of appeal on July 2, 2013. (M.A.J. C.R. 12CR2237 at 38, 12CR2238 at 42). Briefs were filed and an opinion was handed down on February 26, 2015. (See Appendix). No motion for rehearing was filed. Mr. Glenn now files this petition for discretionary review.

---

[2] The related PDR to this case, referred to on the cover sheet, gives details about this plea questioning it.

GROUNDS FOR REVIEW

GROUND ONE

**IS ERROR PRESERVED FOR THE LACK OF A PUNISHMENT HEARING WHEN MITIGATION EVIDENCE IS PRESENTED AT THE MOTION FOR NEW TRIAL HEARING?**

GROUND TWO

**HAS THE FIRST COURT OF APPEALS DENIED THE RIGHT FOR IMPARTIAL APPELLATE REVIEW BY CLAIMING PREJUDICE CANNOT BE SHOWN WHEN THE SAME JUDGE THAT ISSUED A SENTENCE RULES ON THE MOTION FOR NEW TRIAL?**

STATEMENT OF FACTS

When Mr. Glenn was adjudicated guilty of his felony charges, he was not given a separate punishment hearing after the finding of guilt. (M.A.J. R.R. at 83-87). He made the trial court aware of the specific punishment mitigation evidence he would have presented at the motion for new trial hearing. (Exhibits to the M.N.T. R.R. Vol. 1-3). He attempted to admit evidence at his adjudication hearing, but was denied the opportunity to do so. (M.A.J. R.R. at 83-87) (Mr. Glenn's mother was disallowed from testifying to extensive mental health issues). He attempted to admit evidence of medical records at the motion for new trial hearing, but was denied in part to do so. (M.N.T. R.R. at 12-15).

Mr. Glenn has a long history of mental health issues that he was forced to present only through his own testimony at the motion for new trial hearing. His testimony included evidence of his mother using crack while pregnant with him.

(M.N.T. R.R. at 67). He attended alternative learning school. (M.N.T. R.R. at 60). He has been diagnosed with at least ADHD, bipolar, dyslexia, depression, and oppositional disruptive disorder. (M.N.T. R.R. at 65-66). He has been hospitalized in a mental institution. (M.N.T. R.R. at 67). Even in the motion for new trial hearing, Mr. Glenn blurted out irrelevant statements. (M.N.T. R.R. at 59[3]). The court denied much of his punishment mitigation evidence on multiple occasions in his proceedings. (M.A.J. R.R. at 83-87; M.N.T. R.R. at 12-15).

---

[3] Stating "I just found out it was my mom's birthday last week" with no question or comments related to that statement.

## SUMMARY OF THE ARGUMENT

Mr. Glenn had specific punishment mitigation evidence that he wanted to present to the court, and rightfully articulated that specific evidence at his motion for new trial hearing. (Exhibits to the M.N.T. R.R. Vol. 1-3). Evidence presented at the hearing, as well as a defendant's paper motions should be used to determine preservation of error. Mr. Glenn was never given the opportunity to present his evidence and was entitled to have a separate punishment hearing. *Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992). He was denied his right to that hearing. (M.A.J. R.R. at 83-87). The cases used by the first court of appeals in their opinion are not controlling in this case. This court should remand this case for adequate appellate review on whether Mr. Glenn was entitled to a punishment hearing, as error was preserved.

Defendants are entitled to a fair and impartial appellate review of their claims. *See* Tex. Cod. Crim. Proc. Sec. 44.02. The first court of appeals decision in this case states that anytime the same judge presides over sentencing and over a motion for new trial, prejudice cannot be shown for the grounds in the motion for new trial. *Glenn v. State*, No. 01-13-00640-CR, 01-13-00641-CR, 11-12 (Tex.App.—Houston [1st Dist.] 2015). This eliminates any chance for reasonable appellate review of these claims. This court should remand this case to afford Mr. Glenn appellate review of his ineffective assistance of counsel claims regarding his mental health evidence issues.

9

## ARGUMENT

## GROUND ONE

### IS ERROR PRESERVED FOR THE LACK OF A PUNISHMENT HEARING WHEN MITIGATION EVIDENCE IS PRESENTED AT THE MOTION FOR NEW TRIAL HEARING?

Mr. Glenn presented punishment mitigation evidence through his mother's testimony and hundreds of pages of mental health medical history, thereby preserving error for appellate review.

> "Today we hold that when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment.... Thus, based upon the statute, the defendant is *entitled* to a punishment hearing after the adjudication of guilt, ..." *Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992).

The first court of appeals ruled Mr. Glenn did not preserve error because "appellant, in the motions [for new trial], did not apprise the trial court of any additional evidence that appellant would have offered." *Glenn v. State*, No. 01-13-00640-CR, 01-13-00641-CR, 18 (Tex.App.—Houston [1st Dist.] 2015). However, Mr. Glenn did inform the trial court of the evidence it would have presented. Earlier in its own opinion, the first court of appeals even admitted this evidence was presented at the motion for new trial hearing. "At the hearings on appellant's motions for new trial, he offered into evidence hundreds of pages of his medical records." *Glenn*, No. 01-13-00640-CR, 01-13-00641-CR at 11.

10

It seems the court of appeals is indicating that since the paper motion for new trial did not state the specific evidence the defense would present, then error was not preserved. However, the trial court was made aware of the evidence at the hearing. (Exhibits to the M.N.T. R.R. Vol. 1-3). In its own opinion, the first court of appeals contradicts itself by failing to recognize the specific evidence to be presented for punishment mitigation, which should have been heard at a separate punishment hearing. Since the trial court was aware of the specific evidence to be presented at the time of the hearing on the motion for new trial, Mr. Glenn preserved error for this issue. Therefore, this court should remand this case for a proper appellate analysis of this issue as error was preserved.

The cases cited by the first court of appeals for this issue do not actually support their claims. The first case ruled error was not preserved because the defendant was allowed a full hearing related to punishment before the adjudication of his guilt and he never articulated additional evidence, at a hearing or otherwise. *Salinas v. State*, 980 S.W.2d 520, 521 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). The next case involved a defendant who was given a full opportunity to present punishment mitigation evidence: first, at the adjudication hearing, and then through a motion for new trial hearing. The defendant in this case never articulated additional evidence, either. *Lopez v. State*, 96 S.W.3d 406, 415-16 (Tex. App.—Austin 2002, pet. ref'd). In the third cited case, again, the defendant was given a full opportunity to present punishment mitigation evidence before sentencing, and never articulated any

11

additional evidence. *Hardeman v. State*, 981 S.W.2d 773, 775 (Tex. App.—Houston [14th Dist.] 1998, pet. granted).[4]

Unlike these cases, Mr. Glenn did articulate the additional punishment mitigation evidence he desired to present at the motion for new trial hearing, but was denied the opportunity to do so. (M.N.T. R.R. at 12-15) (medical records summary denied). Further, he was never afforded an opportunity to offer this punishment mitigation evidence earlier in any proceedings and was denied the right to present other such evidence. (M.A.J. R.R. at 83-87) (Mr. Glenn's mother was disallowed from testifying to extensive mental health issues). Finally, all three of the cited cases are from other court of appeals and are not binding law on this court or on the first court of appeals.

This court should find that error was preserved and remand this case to allow Mr. Glenn his rightful separate punishment hearing.

---

[4] The opinion in *Hardeman* tries to quote the standard from *Issa* as "[f]ollowing a finding of guilt in a motion to adjudicate, the defendant is entitled to offer evidence in mitigation of punishment *if such evidence has not already been elicited during the proceedings. See Issa v. State,* 826 S.W.2d 159, 161 (Tex.Crim.App.1992) (emphasis added)." *Hardeman v. State*, 981 S.W.2d at 775. Multiple problems exist here. First, the emphasized words were never in the ruling of *Issa*. *Hardeman* misstates the *Issa* standard completely. Even if these words were in the ruling, however, the standard from *Issa* would still not be that a separate punishment hearing shall be afforded to the defendant only if NO punishment evidence is presented. The standard is if the specific evidence articulated to be presented was afforded an opportunity to be presented. The words 'if such evidence' used by the court in *Hardeman* would refer to specific evidence a defendant is trying to present. In this case, such evidence is the extensive mental health medical history records and further testimony of the defendant's mother, which were articulated to the court as desired to be presented, but were denied and never given an opportunity to be presented.

12

## GROUND TWO

**HAS THE FIRST COURT OF APPEALS DENIED THE RIGHT FOR IMPARTIAL APPELLATE REVIEW BY CLAIMING PREJUDICE CANNOT BE SHOWN WHEN THE SAME JUDGE THAT ISSUED A SENTENCE RULES ON THE MOTION FOR NEW TRIAL?**

The first court of appeals has ruled in multiple cases that if the same trial judge presided over both the sentence or adjudication of guilt and the motion for new trial, prejudice cannot be established. *Glenn*, No. 01-13-00640-CR, 01-13-00641-CR at 11-12; *Goody v. State*, 433 S.W.3d 74, 81 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). In doing so, defendants' right for reasonable and impartial appellate review is denied. *See* Tex. Cod. Crim. Proc. Sec. 44.02.

Defendants have a right to appeal their convictions. Tex. Cod. Crim. Proc. Sec. 44.02. In this case, the first court of appeals reasoning allows trial judges to cut off the appellate review process for any ineffective assistance of counsel claims in a motion for new trial. If a trial judge does not want their opinion reviewed, they can just be sure to preside over both sentencing and the motions for new trial. It will be shown that their opinion on punishment will not be affected by the new evidence in a motion for new trial. This way, **any** time a defendant challenges the denial of ineffective assistance of counsel claims, the appellate court will be forced to not review for lack of prejudice.

The fourteenth court of appeals has also followed this reasoning. *Potts v. State*, No. 14-10-01172-CR, 2012 WL 1380230, at *1 (Tex. App.—Houston [14th Dist.]

13

Apr. 19, 2012, no pet.) (mem. op., not designated for publication); *Arriaga v. State*, 335 S.W.3d 331, 337 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

This reasoning should not stand, and this court needs to address this issue. The ruling that prejudice cannot be shown merely because the same judge presided over both proceedings is wrong. This court should provide Houston defendants with their rights to proper analysis of ineffective assistance of counsel claims and remand this case back to the first court of appeals to complete its appellate review.

This line of reasoning can also prevent legitimate ineffective assistance of counsel claims being analyzed, as in this case. Mr. Glenn received ineffective assistance of counsel at his motion to adjudicate guilt hearing because his mental health history evidence was not presented. "[A] failure to uncover and present mitigating evidence cannot be justified when counsel has not conducted a thorough investigation of the defendant's background. *Shanklin v. State*, 190 S.W.3d 154, 164 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd); *see also Goody*, 433 9 S.W.3d at 81 ("Counsel's representation is ineffective . . . if counsel failed to conduct an adequate investigation.")." *Glenn*, No. 01-13-00640-CR, 01-13-00641-CR at 8-9.

Mitigation evidence is especially important when the defendant is mentally challenged. "As the United States Supreme Court stated in *Atkins v. Virginia,* 536 U.S. 304, 320-21, 122 S. Ct. 2242, 2252 (2002), severely mentally deficient defendants 'may be less able to give meaningful assistance to their counsel and are typically poor witnesses, and their demeanor may create an unwarranted impression of lack of

14

remorse for their crimes.'" *Lopez v. State*, --- S.W.3d ----, 14-15 (Tex.App.—Houston [1st Dist.] 2015). Mental health issues should make counsel aware that further investigation was needed to uncover mitigating evidence. *Wiggins v. Smith*, 539 U.S. 510, 527–28, 123 S. Ct. 2527, 2541–42 (2003). Mr. Glenn's counsel owed him his right to effective counsel of the mentally challenged, and at the least, he deserves appellate review of his claim.

The presumption that a judge would possibly not consider mental health mitigation evidence in his punishment sentence is poor policy as well.

> Incarceration is particularly harmful to people with mental illness: Jails can be very damaging to the stability, mental health, and physical health of individuals with mental illness. Numerous studies show that placing mentally ill persons in single cells, isolation, or "lock down" can worsen their schizophrenia, depression, and anxiety. Mentally ill and mentally retarded adults are also more likely than others to be victimized by other inmates or jail staff. They are at high risk for suicide. They generally get inadequate, if any, medication and treatment while in jail. *Mental Illness, Your Client and the Criminal Law: A Handbook for Attorneys Who Represent Persons With Mental Illness*, Texas Appleseed, et. al., 3rd Ed. (October 2005).

By applying the reasoning that prejudice does not exist if the same judge presides over sentencing and motion for new trial, the first court of appeals has denied defendants the right for appellate review. This court should remand this case to correct this reasoning.

## PRAYER FOR RELIEF

For the foregoing reasons, we respectfully request this court to remand this case with instructions that error was preserved for Mr. Glenn's lack of a punishment hearing. Further we ask this court for instructions that the first court of appeals' reasoning on the prejudice issue is wrong as it denies impartial appellate review.

Respectfully submitted,

David Suhler_____
**DAVID SUHLER**
Attorney for Appellant
State Bar No. 19465900
P.O. Box 540744
Houston, Texas 77254-0744
713-522-1220

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that a copy of Appellant's Brief was electronically emailed to the Appellate Division of the Galveston County District Attorney's office on the 29th day of April, 2015. This petition for discretionary review complies with Texas Rule of Appellate Procedure 9.4(i)(3) and contains 3,082 words.

David Suhler_____

16

# APPENDIX



In The

# Court of Appeals

For The

# First District of Texas

_____

NO. 01-13-00640-CR
NO. 01-13-00641-CR

_____

**DUSTIN WAYNE GLENN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Case Nos. 12CR2237, 12CR2238

## MEMORANDUM OPINION

After appellant, Dustin Wayne Glenn, with agreed punishment recommendations from the State, pleaded guilty to two separate offenses of

aggravated assault with a deadly weapon,[1] the trial court deferred adjudication of his guilt and placed him on community supervision for five years. The State, alleging several violations of the conditions of his community supervision, subsequently moved to adjudicate appellant's guilt on both offenses. After a hearing, the trial court found appellant guilty and assessed his punishment at confinement for twelve years for each offense, with the sentences to run concurrently. In five issues, appellant contends that he received ineffective assistance of counsel and the trial court erred in excluding relevant punishment evidence and not conducting a separate punishment hearing after the adjudication of his guilt.

We affirm.

**Background**

In its motions to adjudicate appellant's guilt, in regard to the first offense,[2] the State alleged that he violated the conditions of his community supervision by committing the misdemeanor offenses of criminal trespass and resisting arrest, failing to perform community service, failing to enroll in a domestic violence and/or anger control program, failing to reimburse Galveston County for the attorney's fees of his court appointed counsel, and failing to pay a community

---

[1]    *See* TEX. PENAL CODE ANN. § 22.02 (Vernon 2011).

[2]    Appellate cause number 01-13-00640-CR; trial court cause number 12CR2237.

2

supervision fee, a Crime Stoppers Program payment, and his court costs. In its motion to adjudicate appellant's guilt, in regard to the second offense,[3] the State alleged that he violated the conditions of his community supervision by committing the above offenses, failing to perform community service, failing to enroll in a domestic violence and/or anger control program, and failing to pay a Crime Stoppers Program payment and his court costs. Appellant pleaded "not true" to all of the allegations in both of the State's motions.

At the hearing on the State's motions, Jeff Fox, appellant's community supervision officer, testified that he reviewed the conditions of appellant's community supervision in the instant causes with appellant. And appellant signed two forms and orally affirmed that he understood the conditions of his community supervision. On January 24, 2013, appellant pleaded no contest to the misdemeanor offenses of criminal trespass and resisting arrest, thereby violating the conditions of his community supervision not to commit any new offenses. Appellant also failed to pay a $60.00 per month community supervision fee, his Crime Stoppers Program payments, and his court costs. He also failed to reimburse Galveston County for the attorney's fees of his court appointed counsel. And appellant did not perform his community service or enroll in a domestic violence and/or anger control program.

---

[3] Appellate cause number 01-13-00641-CR; trial court cause number 12CR2238.

Appellant testified that although he pleaded nolo contendere in the county court to the misdemeanor offenses of criminal trespass and resisting arrest, he did so only because his counsel told him that if he did so, he could "get out," "go home," and "talk to his probation officer." Appellant explained that he did not attend or enroll in a domestic violence and/or anger control program because he did not have a car and "didn't know where to go." He also did not complete any community service hours, although he was aware that he was required to complete sixteen hours per month. Appellant also conceded that he did not pay his Crime Stoppers Program payments, his monthly community supervision fee, and his court costs. And he did not reimburse Galveston County for the attorney's fees of his appointed counsel. And he admitted that he could have used money that he spent on cigarettes to pay his fees. Moreover, he knew that it was his responsibility to comply with the conditions of his community supervision.

Appellant explained, however, that his ability to read and write is lower than a "second grade level," he suffers from depression, and, as a child, he had mental health issues, including "ADHD, bipolar [disorder], [and] dyslexi[a]." Doctors prescribed medication for these conditions, and he was "on 17 different medications before [he] was 12 years old." And appellant, at the time of the hearing, was on medication for depression, which made him feel "a lot happier" and like he does not "want to hurt [himself]."

4

Appellant's mother, Margaret Watson, testified that he had mental health issues while "growing up," is "bipolar," and was committed to "the psychiatric ward" for five days following his commission of the instant offenses. And she noted that when appellant is on his medication, he is "a happy person"; but when he is not, "[i]t's like the devil's taken over."

After the hearing, the trial court found all of the allegations in the State's motion to adjudicate to be true, found appellant guilty of the instant offenses, and assessed his punishment at confinement for twelve years for each offense, with the sentences to run concurrently.

Appellant subsequently filed motions for new trial, arguing that he was "not allowed to present evidence on the important status of [his] abnormal, deteriorated and deteriorating mental status," he was "entitled to a punishment hearing after the adjudication of guilt," and he received ineffective assistance of counsel. After a hearing, the trial court denied appellant's motions.

**Ineffective Assistance of Counsel**

In his fifth issue, appellant argues that his counsel, appointed to represent him at his adjudication hearing, provided ineffective assistance because counsel "failed to adequately investigate [his] mental health history."

Because appellant presented his ineffective assistance of counsel claim to the trial court in motions for new trial and received a hearing on his motions, we

address his issue as a challenge to the trial court's denial of his motions, and we review the trial court's denial for an abuse of discretion. *Biagas v. State*, 177 S.W.3d 161, 170 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). We view the evidence in the light most favorable to the trial court's rulings and uphold the trial court's ruling if they were within the zone of reasonable disagreement. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decisions were arbitrary or unreasonable. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *Biagas*, 177 S.W.3d at 170. If there are two permissible views of the evidence, the trial court's choice between them cannot be held to be clearly erroneous. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Webb*, 232 S.W.3d at 112.

We note that trial courts are in the best position to "evaluate the credibility" of witnesses and to resolve conflicts in evidence. *See Kober v. State*, 988 S.W.2d 230, 233 (Tex. Crim. App. 1999). And a trial court may choose to believe or disbelieve all or any part of the witnesses' testimony. *See id.* When, as here, a trial court makes no findings of fact regarding the denial of a motion for new trial, we should "impute implicit factual findings that support the trial judge's ultimate

ruling on that motion when such implicit factual findings are both reasonable and supported in the record." *Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005); *Escobar v. State*, 227 S.W.3d 123, 127 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

To prove his claim of ineffective assistance of counsel, appellant must show that (1) his trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance or trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006). Appellant has the burden of establishing both prongs by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). And his "failure to satisfy one prong of the *Strickland* test negates" our "need to

7

consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

In considering whether trial counsel conducted an adequate investigation for potential mitigating evidence, we focus on whether the investigation supporting counsel's decision not to introduce mitigating evidence was reasonable. *Wiggins v. Smith*, 539 U.S. 510, 523, 123 S. Ct. 2527, 2536 (2003); *Goody v. State*, 433 S.W.3d 74, 80 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). "While '*Strickland* does not require counsel to investigate every conceivable line of mitigating evidence,' 'counsel can . . . make a reasonable decision to forego presentation of mitigating evidence [only] after evaluating available testimony and determining that it would not be helpful.'" *Goody*, 433 S.W.3d at 80–81 (quoting *Wiggins*, 539 U.S. at 533, 123 S. Ct. at 2537). An attorney's decision not to investigate or to limit the scope of the investigation is given a "heavy measure of deference" and assessed in light of all circumstances to determine whether reasonable professional judgment would support the decision. *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. However, a failure to uncover and present mitigating evidence cannot be justified when counsel has not conducted a thorough investigation of the defendant's background. *Shanklin v. State*, 190 S.W.3d 154, 164 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd); *see also Goody*, 433

8

S.W.3d at 81 ("Counsel's representation is ineffective . . . if counsel failed to conduct an adequate investigation.").

In addition to establishing a deficiency in counsel's performance, appellant must show that a reasonable probability exists that a fact-finder's assessment of his punishment would have been less severe in the absence of counsel's deficient performance. *Bazan v. State*, 403 S.W.3d 8, 13 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Rivera v. State*, 123 S.W.3d 21, 32 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Our prejudice analysis turns on whether counsel's deficiency made any difference to the outcome of the case. *Riley*, 378 S.W.3d at 458. It is not enough to show that trial counsel's errors had some "conceivable" effect on the outcome of the punishment assessed; the likelihood of a different result must be "substantial." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 787, 792 (2011); *see also Goody*, 433 S.W.3d at 81. An appellate court will not reverse a conviction for ineffective assistance of counsel at the punishment phase of trial unless the defendant shows prejudice as a result of deficient attorney performance. *Wiggins*, 539 U.S. at 534, 123 S. Ct. at 2542; *Rivera*, 123 S.W.3d at 32. In reviewing whether an appellant has satisfied this showing, we accord "almost total deference to a trial court's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor." *Riley*, 378 S.W.3d at 458. Further, when the trial judge presiding over a motion for new trial is the same

9

judge that presided over the trial, we presume that the judge knew how evidence admitted at the hearing on the motion for new trial could have affected the judge's ruling on punishment. *Smith v. State*, 286 S.W.3d 333, 344–45 (Tex. Crim. App. 2009); *Goody*, 433 S.W.3d at 81. Because application of this second prong of the *Strickland* analysis is dispositive of appellant's fifth issue, we begin here.

Appellant argues that counsel's failure to request appellant's medical records "for use in the punishment phase" of the adjudication hearings prejudiced him because "a reasonable probability exists that the court would have . . . issued a lighter sentence." He asserts that his medical records "demonstrate" that [his] "mother may have abused substances while she was pregnant with [him]" and, even if not, she and [his] father "abused substances during his childhood." Appellant further asserts that his "history of hospitalization for mental health issues strongly demonstrates that his condition requires consistent attention to the mental health problems he was born with." Thus, if his counsel "had offered these medical records" at the adjudication hearings, "the court would have had information beyond the testimony of [appellant] about his mental health issues as a child," and the records "would have provided support" for [his] argument that "mental health hospitalization or a lesser sentence was the proper and just result for punishment."

We note that the same judge who presided over appellant's adjudication hearings also presided over appellant's motions for new trial. At the hearings on appellant's motions for new trial, he offered into evidence hundreds of pages of his medical records. He asserts that his counsel should have discovered and presented the documents to the trial court at his adjudication hearings.

Here, "[w]e presume from the trial court's denial of [appellant's] motion[s] [for new trial] that the [medical records], even if discovered [by counsel and presented at the adjudication hearing], would not have affected [the trial court's] decision on sentencing." *Goody*, 433 S.W.3d at 81; *see also Smith*, 286 S.W.3d at 345 ("[W]e presume that [the trial court] knew . . . what the appellant's testimony . . . would be, and that, even assuming any such testimony to be accurate and reliable, knew that it would not have influenced his" punishment determination); *Potts v. State*, No. 14-10-01172-CR, 2012 WL 1380230, at *1 (Tex. App.—Houston [14th Dist.] Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (holding defendant did not establish prejudice where same judge who sentenced defendant also considered motion for new trial and determined additional testimony would not have influenced punishment assessment); *Arriaga v. State*, 335 S.W.3d 331, 337 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (concluding defendant did not establish prejudice where trial court could have

11

concluded new testimony alleged in motion for new trial would not have influenced its punishment assessment).

In other words, by denying appellant's motions for new trial, "the trial court rejected the idea that the punishment that it assessed would have been mitigated by" appellant's medical records. *Goody*, 433 S.W.3d at 81; *see also Smith*, 286 S.W.3d at 344 ("Only the trial judge in this case could have known what factors he took into consideration in assessing the original punishment, and only he would know how the defendant's testimony, if allowed, might have affected that assessment."); *Potts*, 2012 WL 1380230, at *1 ("It was well within the trial judge's discretion to determine that [character witness testimony] would not have influenced the judge's 'ultimate normative judgment' in assessing punishment . . . the trial judge simply determined the proffered testimony would not have affected his judgment.").

Accordingly, we hold that appellant has not established that he was prejudiced by his counsel's failure to discover and present his medical records to the trial court during his adjudication hearings and the trial court did not abuse its discretion in denying appellant's motions for new trial. *See Goody*, 433 S.W.3d at 81.

We overrule appellant's fifth issue.

12

## Exclusion of Evidence

In his first issue, appellant argues that the trial court violated his due process right to a "full opportunity to present punishment evidence" during the adjudication hearings because "it excluded relevant childhood mental health evidence."

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996). Where the trial court's evidentiary ruling is within the "zone of reasonable disagreement," there is no abuse of discretion, and the reviewing court must uphold the trial court's ruling. *Id.* We will not disturb a trial court's evidentiary ruling if it is correct on any theory of law applicable to that ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

In regard to punishment evidence, a defendant may offer anything that "the court deems relevant to sentencing." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2014); *see also Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999); *Henderson v. State*, 29 S.W.3d 616, 626 (Tex. App.— Houston [1st Dist.] 2000, pet. ref'd). Relevant evidence in this context is any evidence that assists the fact-finder in determining the appropriate sentence to give to a particular defendant in the circumstances presented, possibly including "the prior criminal record of the defendant, his general reputation, his character, an

opinion regarding his character, [and] the circumstances of the offense for which he is being tried." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1); *Rogers*, 991 S.W.2d at 265; *see also Garcia v. State*, 239 S.W.3d 862, 865 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("Relevance in [the punishment] context is more a matter of policy than an application of Rule of Evidence 401; it fundamentally consists of what would be helpful to the jury in determining appropriate punishment.").

Although article 37.07 allows a fact-finder to consider a wide range of evidence in determining the appropriate punishment for a defendant, such evidence must still satisfy Texas Rule of Evidence 403. *See Ellison v. State*, 201 S.W.3d 714, 718 (Tex. Crim. App. 2006) (noting article 37.07 allows "a jury to consider a wide range of evidence in determining" punishment); *Lamb v. State*, 186 S.W.3d 136, 143 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("Although a trial court possesses wide latitude in determining the admissibility of evidence presented at the punishment phase of trial, admitted evidence must satisfy Rule 403."); *Henderson*, 29 S.W.3d at 626 n.11 (admissibility of relevant punishment evidence subject to rule 403). In other words, "relevant evidence [that is] otherwise admissible under [a]rticle 37.07 is inadmissible if it fails to comport with Rule 403." *Lamb*, 186 S.W.3d at 144. Rule 403 provides that "evidence may be

14

excluded if its probative value is substantially outweighed by . . . considerations of undue delay, or needless presentation of cumulative evidence."

Appellant argues that the trial court erred in excluding his "mother's testimony on his mental health history" because his "mental health history, including his childhood mental health issues, was relevant to the judge's punishment decision."

The State objected to Watson's testimony about appellant's mental health during childhood as not relevant, and the trial court sustained the objection. Appellant's counsel then argued that such information "would be relevant to the Court in determining punishment," to which the court responded that it had "made [its] ruling." Subsequently, appellant's counsel made the following offer of proof.

> I would anticipate that this witness can provide testimony that can provide mitigating circumstances for [the trial court] in determining [appellant's] future punishment. . . . I would think that the Court would want that sort of information and it would be helpful to the Court in determining his future punishment.

We note that appellant, himself, testified at the adjudication hearings as to his mental health issues "when [he] was a kid," and he explained that he suffered from "ADHD, bipolar [disorder], and dyslexi[a]." He took "17 different medications" before the age of twelve, but stopped taking them because he "almost died" when his "heart almost exploded." Appellant also stated that he currently

suffers from depression for which he takes medication. And when he is on medication, he feels "a lot happier" and "do[esn't] want to hurt [himself]."

Further, although Watson was not allowed to go into specifics about appellant's mental health issues as a child, she did testify that appellant had suffered from mental health issues while he was "growing up." And Watson noted that appellant is "bipolar" and had been committed to "the psychiatric ward" for five days following the aggravated assaults. Moreover, she explained that while appellant is on medication, "[h]e's a happy person, smiles, upbeat, cheerful, just friendly, loving person, loves everybody, will do everything in the world for you." And she noted that when appellant is not on medications, "[i]t's like the devil's taken over."

Thus, the record reveals that appellant was able to present evidence about his mental health issues, including issues during his childhood, at the adjudication hearings. Although the trial court excluded Watson's testimony regarding any specifics of appellant's mental health issues as a child, the admission of similar evidence mitigates against any harm he might have suffered. *See Mosley v. State*, 983 S.W.2d 249, 258 (Tex. Crim. App. 1998) (concluding admission of evidence similar to that excluded mitigated against possible harm). Accordingly, we hold that the trial court did not violate appellant's right to due process by excluding Watson's testimony about his childhood mental health issues.

16

We overrule appellant's first issue.

## Separate Punishment Hearing

In his second issue, appellant argues that the trial court violated his due process right to a "full opportunity to present relevant punishment evidence" because "it did not grant [him] a separate punishment hearing after adjudicating his guilt."

The Texas Code of Criminal Procedure provides that "[i]f community supervision is revoked after a hearing . . . , the judge may proceed to dispose of the case as if there had been no community supervision." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (Vernon Supp. 2014). Thus, when a trial court adjudicates a defendant's guilt after having deferred adjudication, the court must afford the defendant an opportunity to present punishment evidence. *See Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) ("After an adjudication of guilt, all proceedings, including assessment of punishment, . . . continue as if the adjudication of guilt had not been deferred.").

Although a defendant is entitled to present punishment evidence at a hearing following an adjudication of his guilt, it is a statutory right that can be waived. *See Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); *Lopez v. State*, 96 S.W.3d 406, 414 (Tex. App.—Austin 2002, pet. ref'd); *Foster v. State*, 80 S.W.3d

17

639, 641 (Tex. App.—Houston [1st Dist.] 2002, no pet.). To preserve error, a defendant is generally required to make a timely objection in the trial court. TEX. R. APP. P. 33.1. And, in order to successfully complain on appeal about the denial of the opportunity to present punishment evidence, a defendant must first make an objection in the trial court or, if there is no opportunity to object, timely file a motion for new trial. *See Vidaurri*, 49 S.W.3d at 886. If he files a motion for new trial, he should indicate with some specificity in the motion the evidence that he would have presented if the separate hearing had been provided. *See Salinas v. State*, 980 S.W.2d 520, 521 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).

Here, appellant asserts that although he "did not have an opportunity to object to the trial court's failure to grant a separate punishment hearing," he "preserve[d] error through timely raising the objection in [his] motion[s] for new trial." However, appellant, in his motions for new trial, only argued that the trial court should have granted him new trials because it failed to give him a separate punishment hearing after adjudicating his guilt. Notably, appellant, in the motions, did not apprise the trial court of any additional evidence that appellant would have offered. *See Salinas*, 980 S.W.2d at 521; *see also Lopez*, 96 S.W.3d at 415 n.3 (although defendant, in his motion for new trial, "did complain of a lack of a separate punishment hearing," he "did not specify" the evidence he "would have presented"); *Hardeman v. State*, 981 S.W.2d 773, 775 (Tex. App.—Houston [14th

18

Dist.] 1998, pet. granted) ("[A]ppellant's motion for new trial only complained that the motion to adjudicate proceeding 'was invalid' because the trial court imposed punishment 'without conducting a separate hearing after the finding of guilt'. . . . Without having apprised the trial court of what additional evidence would have been offered, appellant has not preserved this complaint for appellate review."), *aff'd*, 1 S.W.3d 689 (Tex. Crim. App. 1999). Because appellant, in his motions for new trial did not inform the trial court of the evidence that he would have presented during separate punishment hearings, we hold that he has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1.

We overrule appellant's second issue.

**Ineffective Assistance of Counsel During Misdemeanor Proceedings**

In his third issue, appellant argues that the trial court erred in denying his motions for new trial because his counsel, appointed to defend him in the county court at law in his misdemeanor criminal-trespass and resisting-arrest cases, provided him with ineffective assistance, rendering his pleas in the cases involuntary. Appellant asserts that "[t]he State should not have been able to benefit from [his] misguided [pleas] to criminal trespass and resisting arrest" by using those convictions as grounds to adjudicate his guilt in his aggravated assault cases." Appellant requests that we "reverse [his] misdemeanor convictions" and remand the instant cases for new adjudication and punishment hearings.

19

In order for this Court to review appellant's challenge to his convictions for the misdemeanor offenses of criminal trespass and resisting arrest on direct appeal, appellant was required to file notices of appeal of the convictions within thirty days after the sentences were imposed on January 24, 2013. *See* TEX. R. APP. P. 26.2(a)(1). Appellant did not file any notice of appeal from his January 24, 2013 misdemeanor convictions. Without a timely notice of appeal, we are without jurisdiction to address the merits of appellant's argument that his misdemeanor convictions should be reversed because he involuntarily entered his pleas due to ineffective assistance of counsel. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Moreover, we note that the trial court also adjudicated appellant's guilt in the instant cases on other grounds. It expressly found that appellant had violated the conditions of his community supervision by failing to perform community service, failing to enroll in a domestic violence and/or anger control program, failing to reimburse Galveston County for the attorney's fees of his appointed counsel, and failing to pay a community supervision fee, his Crime Stopper Program payments, and his court costs. And, proof of a single violation of his conditions of community supervision is sufficient to support the trial court's adjudication of his guilt. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st

20

Dist.] 2006, pet. ref'd). Here, appellant has not challenged any of the other grounds supporting the trial court's adjudication of his guilt of the instant offense.

We overrule appellant's third issue.

**Conclusion**

We affirm the judgment of the trial court in each cause.[4]


Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4] In his fourth issue, appellant contends that the Galveston County Court at Law No. 3 erred in denying the petitions for writs of habeas corpus that he filed there, challenging his convictions for the offenses of criminal trespass and resisting arrest. Appellant has separately appealed the county court's denials of his applications for writs of habeas corpus, and we address appellant's challenges in a separate opinion. *See Glenn v. State*, 01-14-00042-CR & 01-14-00195-CR (Tex. App.—Houston [1st Dist.] Feb. 26, 2015, no pet. h.) (mem. op.).