Steve Esteban HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–85–143–CR.

Court of Appeals of Texas, Waco.

Jan. 23, 1986.

**910**

Walter M. Reaves, Jr., West, for appellant.

Vic Feazell, Crim. Dist. Atty., Kenneth R. Bennett, Asst. Dist. Atty., for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Hernandez from an order of the trial court revoking his probation.

Defendant was sentenced to 7 years shock probation in the Texas Department of Corrections in July 1983 on a plea of guilty for robbery. The State filed a motion to revoke his probation on February 22, 1985. After hearing on the motion, the trial court revoked defendant's probation finding he had violated the terms and conditions of his probation.

Defendant appeals contending that "the trial court abused its discretion in finding [defendant] had failed to avoid the use of alcoholic beverages, because the condition was one which the court had no authority to impose."

■ A condition of defendant's probation was that he totally avoid the consumption of alcoholic beverages. Defendant contends that because he was on shock probation, the trial court is more limited in the conditions it may impose than where normal probation is granted.

Article 42.12, section 6, V.A.C.C.P., providing for shock probation, states that the "terms and conditions of probation may include conditions that the probationer shall: * * * " abide by an extensive laundry list, which does not specifically include the term that alcoholic beverages be avoided. Shock probation is governed by the terms and conditions of Article 42.12. Section 6 specifically states the "terms and conditions" are not limited to those recited therein.

■ A condition requiring a probationer to abstain from the use of alcohol is a reasonable term of probation and one that is a ground for revocation, and, if proven, is sufficient to revoke probation. *Barajas v. State*, CA (Waco) no pet., 682 S.W.2d 588; *Flores v. State*, Ct.Crim.Appls, 513 S.W.2d 66; *Morris v. State*, CA (Beaumont) no pet., 658 S.W.2d 770.

■ Here defendant admitted to his probation officer he had been drinking and using alcohol. Such admission is sufficient to revoke probation. *Cunningham v. State*, Ct.Crim.Appls, 488 S.W.2d 117; *Barajas v. State*, supra.

Defendant's ground is overruled.

■ Defendant further asserts the trial court erred in failing to make Findings of Fact after having been requested to do so.

The trial court's order revoking his probation specifically finds "defendant has violated the terms of said order of probation in that he has: * * * (2) failed to avoid the use of alcoholic beverages; to-wit: On or about the 13th day of January A.D. 1985, Defendant did then and there consume alcoholic beverages".

The trial court did make Findings of Fact and same are sufficient to notify defendant why his probation was revoked. *Sappington v. State*, Ct.Crim.Appls, 508 S.W.2d 840.

Defendant's ground and contention are overruled.

AFFIRMED.