**Rudy SALINAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–96–01212–CR, 14–96–01214–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 5, 1998.

Tom Moran, Houston, for appellant.

Keli Pool Roper, Houston, for appellee.

Before AMIDEI, CANNON and SMITH,* JJ.

**OPINION ON MOTION
FOR REHEARING**

AMIDEI, Justice.

The State's motion for rehearing is granted. We withdraw our original opinion dated October 8, 1998, and substitute this opinion in its place.

Rudy Salinas appeals from his convictions for aggravated assault (No.708982) and felo-

ny injury to a child (No. 708983) upon the State's motions to adjudicate his guilt for violations of his deferred adjudication and probation in each case. The trial court assessed his punishment at six years imprisonment in each case. In one point of error, appellant contends the trial court erred in sentencing appellant without conducting a separate sentencing hearing after adjudicating him guilty. We affirm.

On original submission we held the trial court erred in failing to conduct a separate punishment hearing after finding appellant guilty in a motion to adjudicate proceeding. The State contests our decision because the appellant had offered evidence prior to sentencing at the hearing on the State's motion to adjudicate. Because appellant had been given the opportunity to present evidence prior to sentencing, and did present such evidence, the State contends that appellant was properly sentenced and no separate punishment hearing was required. We agree.

In his sole point of error, appellant contends that the trial court erred in imposing six-year sentences in these cases without conducting a separate punishment hearing *after* finding him guilty at the motions to adjudicate his guilt. Appellant contends he preserved error in his timely motion for new trial alleging: "Defendant moves the Court to grant a new trial because the Court failed to give Defendant a separate punishment hearing after adjudicating him guilty."

In a recent opinion, this court reversed and remanded a similar case for resentencing because the trial court did not conduct a separate punishment hearing before imposing sentence. *Hardeman v. State,* 971 S.W.2d 732 (Tex.App.—Houston [14th Dist.] 1998, *pet. filed* ). On September 24, 1998, the same date this case was submitted, this court withdrew that opinion and issued its opinion on the State's motion for rehearing affirming the judgment of the trial court. *See Hardeman v. State,* 981 S.W.2d 773 (Tex. App.-Houston[14th Dist.] 1998) (Opinion on Motion for Rehearing).

---

* Former Justices Cannon and Smith are visiting   justices sitting by assignment.

The Texas Court of Criminal Appeals has held that "when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court *must* then conduct a second phase to determine punishment." *Issa v. State,* 826 S.W.2d 159, 161 (Tex.Crim.App.1992). Although the accused may waive this right by failure to object, the error can be preserved for review in a motion for new trial. *See Borders v. State,* 846 S.W.2d 834, 836 (Tex.Crim.App.1992); *Issa,* 826 S.W.2d at 161. In this case, appellant failed to object and request a hearing on punishment in the trial court, as required by rule 52, Texas Rules of Appellate Procedure (now TEX.R.APP. P. 33.1). However, he contends that has preserved the objection in his timely filed motion for new trial. As this court noted in its Opinion on Motion for Rehearing in *Hardeman,* appellant was entitled to offer evidence in mitigation of punishment following a finding of guilt *if such evidence had not already been elicited during the proceedings. See Issa,* 826 S.W.2d at 161; *Hardeman,* at 774. In this case, appellant testified during his hearing to revoke his probation and to adjudicate his guilt concerning facts in mitigation of punishment. His attorney questioned him at length regarding his rehabilitation, employment, and counseling with his anger management therapist. Appellant's sisters, Carrie Arguijo and Maria Garcia, testified as to his good character. His wife, Sabine Andrae, testified that appellant should not be sent to prison, and that she just wanted him to stay away from her. Shana Clark, appellant's anger management therapist, attributed appellant's violent behaviors to alcohol abuse and testified that appellant was improving and he was a good person when he didn't drink. Not only did appellant have the opportunity to present evidence in mitigation of punishment, he in fact presented such evidence.

As was the case in *Hardeman,* appellant did not request the opportunity to present additional evidence before the court assessed punishment. *Hardeman,* slip. op. 2–3, at ——. And while the court of criminal appeals has held that a motion for new trial may be utilized to preserve such error, the motion for new trial should indicate with some specificity the evidence that appellant would present. *See Borders,* 846 S.W.2d at 836; *Issa,* 826 S.W.2d at 160. Here, as in *Hardeman,* appellant's motion for new trial only complained that the trial court should grant a new trial because it failed to give appellant a separate punishment hearing after adjudicating him guilty. *Hardeman,* at 774. Without having apprised the trial court of what additional evidence would have been offered, appellant has not preserved this complaint for appellate review. We overrule appellant's sole point of error. We withdraw our opinion of October 8, 1998, and now grant the State' motion for rehearing, and affirm the trial court's judgment.