Affirmed and Opinion filed July 18, 2002









Affirmed and Opinion filed July 18, 2002.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01033-CR

____________

 

WENDY MARIE ROBERTS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 870,908

 



 

O P I N I O N

Appellant entered a plea of guilty without an agreed
recommendation to the offense of aggravated robbery.  She was convicted and the trial court
assessed punishment at confinement for five years in the Texas Department of
Criminal JusticeCInstitutional Division. 
In two points of error, appellant claims the trial court violated her
federal and state constitutional rights by sentencing her without affording her
an opportunity to present evidence in mitigation of punishment.  We affirm.








After accepting appellant’s guilty plea, the trial court
granted appellant’s request for a pre-sentence investigation (PSI).  Following preparation of the PSI report, the
trial court began appellant’s sentencing hearing as follows, “All right.  Wendy Roberts.  PSI it’s not in front of me at the moment, on
my desk in the back.  Do you have
anything to add or subtract to it?” 
Appellant’s trial counsel then pointed out that appellant’s plea had
been reduced to robbery from aggravated robbery.  The court noted the reduction, then asked if
there were anything else to add.  The
prosecutor stated he did not see anything else. 
Defense counsel did not respond. 
The trial court then asked the lawyers for argument.  Defense counsel and the prosecutor presented
argument, after which the trial court found appellant guilty and pronounced
sentence.  Following pronouncement of
sentence, the court asked appellant if she had anything to say in bar of
sentence.  Appellant stated that she
understood what she did was wrong and requested probation, which was denied.

In two points of error, appellant complains of the trial
court=s failure to allow her to present
evidence at the sentencing hearing.  A
defendant is entitled to present evidence as to any matter the court deems
relevant to sentencing.  Tex. Code Crim. Proc. Ann. art. 37.07  ' 3 (Vernon Supp. 2001).  A trial court is required to afford a
defendant an opportunity to present evidence regarding punishment after the
defendant has been found guilty.  Borders
v. State, 846 S.W.2d 834, 835-36 (Tex. Crim. App. 1992).  If a PSI is ordered, the trial court will
consider the PSI and the evidence adduced at the punishment hearing before
assessing punishment.  Tex. Code Crim. Proc. Ann. art. 37.07 ' 3(d) (Vernon 1995).

Although the trial court conducted a punishment hearing,
appellant complains she was not allowed to present testimony or other evidence
in mitigation of punishment.  Appellant,
however, failed to object to the trial court’s failure to allow evidence.  Further, appellant did not complain about the
lack of opportunity to present evidence concerning punishment in a motion for
new trial.  Therefore, appellant has
failed to preserve this issue for appellate review.  See Hardeman v. State, 1 S.W.3d 689,
690 (Tex. Crim. App. 1999); Salinas v. State, 980 S.W.2d 520, 521 (Tex.
App.CHouston [14th Dist.] 1998, pet. ref’d).








Moreover, it appears from the record before us the trial
court afforded appellant the opportunity to present evidence.  The trial court asked twice whether the
parties had anything to add or subtract to the PSI report.  Appellant responded with changes to the first
request, but did not respond to the second request.  Therefore, appellant was afforded the
opportunity to object or present evidence, but failed to do so.  Appellant’s two points of error are
overruled.

The judgment of the trial court is affirmed.

 

 

/s/        Wanda McKee Fowler

Justice

 

 

Judgment rendered
and Opinion filed July 18, 2002.

Panel consists of
Justices Hudson, Fowler, and Edelman.

Do Not Publish C Tex.
R. App. P. 47.3(b).