**Opinion issued February 28, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NOS. 01-12-00335-CR, 01-12-00336-CR**

———————————

**BYRON DEVON HOWARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Case Nos. 10CR1430, 10CR1431**

---

**MEMORANDUM OPINION**

Appellant, Byron Devon Howard, pleaded guilty to two separate offenses of

injury to a child,[1] and the trial court deferred adjudication of his guilt and placed

---

[1]     *See* TEX. PENAL CODE ANN. § 22.04 (Vernon Supp. 2012).

him on community supervision for three years. The State subsequently filed a motion to adjudicate appellant's guilt on both offenses, alleging several violations of the conditions of his community supervision. After hearing evidence on the motion, the trial court found appellant guilty of both offenses and assessed his punishment at confinement for five years for each offense, with the sentences to run concurrently. In his sole point of error, appellant contends that the trial court erred in not conducting a separate punishment hearing after the adjudication of his guilt.

We affirm.

## Background

On February 16, 2011, the trial court deferred adjudication of appellant's guilt on two separate offenses of injury to a child and placed him on community supervision for three years with terms and conditions, including the following:

1.  Commit no offense against the laws of the State of Texas or of any other State, the United States, or any governmental entity;
. . .

9.  Report within forty-eight (48) hours to the Supervision Officer any change of address, employment, or marital status; any arrests and all sources and amounts of income or money received[.]

On August 3, 2011, the State filed motions to adjudicate appellant's guilt on both offenses. In regard to the first offense,[2] the State alleged that appellant violated the terms and conditions of his community supervision by committing the offenses of possession of marijuana, resisting arrest, and evading arrest. It also alleged that he failed to notify his supervision officer within forty-eight hours of a new arrest and pay various community supervision fees and costs of court. In regard to the second offense,[3] the State alleged that appellant violated the terms and conditions of his community supervision by committing the above offenses and failing to notify his supervision officer within forty-eight hours of his new arrest. At the hearing on the State's motion, appellant pleaded not true to the allegations that he possessed marijuana, resisted arrest, and failed to pay $40 in court costs, and he pleaded true to the remaining allegations.

Texas City Police Department ("TCPD") Officer B. Cyr testified that on June 1, 2011, he saw appellant driving a car with no license plate light. Cyr followed appellant and noticed that he was "circling" a residential area where there had been several burglaries. When Cyr initiated a traffic stop, appellant exited his car and started running. TCPD Officers J. Clement and R. Crumpley, chased appellant, and Crumpley eventually caught up with him. Crumpley yelled, "Stop

---

[2]     Appellate cause number 01-12-00335-CR; trial court cause number 10CR1430.

[3]     Appellate cause number 01-12-00336-CR; trial court cause number 10CR1431.

3

resisting," to appellant, and when Cyr reached the scene, he "tased" appellant and arrested him.

Officer Crumpley testified that he was riding with Officer Clement when they saw Officer Cyr initiate the traffic stop of appellant. When appellant started running, they chased him until Clement was able to tackle him to the ground. Clement and appellant started "wrestling," and appellant "balled his fists up and reared back." Crumpley believed that appellant was going to assault Clement, so he struck appellant in the head.

TCPD Officer J. Reynolds testified that he received a dispatch call requesting that he search appellant's car. He found "four small baggies" of marijuana in the center console of the car. At the scene, Reynolds weighed the marijuana at 1.2 ounces.

After the hearing, the trial court found that appellant had not violated the terms of his community supervision by failing to pay $40 in court costs but had committed the other violations. The trial court then found appellant guilty of both offenses of injury to a child, revoked his community supervision, and sentenced him.

**Separate Punishment Hearing**

In his sole issue, appellant argues that the trial court erred in pronouncing his sentence without conducting a separate punishment hearing and not providing him an opportunity to object to the lack of a punishment hearing.

The Texas Code of Criminal Procedure provides that "[i]f community supervision is revoked after a hearing . . . , the judge may proceed to dispose of the case as if there had been no community supervision." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23 (Vernon Supp. 2012). Thus, when a trial court adjudicates an offense for which the defendant received deferred adjudication, the court must afford the defendant an opportunity to present punishment evidence. *See Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).

Although the defendant is entitled to present punishment evidence at a hearing following an adjudication of his guilt, it is a statutory right which can be waived. *See Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); *Lopez v. State*, 96 S.W.3d 406, 414 (Tex. App.—Austin 2002, pet. ref'd); *Foster v. State*, 80 S.W.3d 639, 641 (Tex. App.—Houston [1st Dist.] 2002, no pet.). To preserve error, a defendant is generally required to make a timely objection in the trial court. TEX. R. APP. P. 33.1. In order to successfully complain on appeal that he was denied the opportunity to present punishment evidence, a defendant must first make an objection in the trial court or, if there was no opportunity to object, timely

file a motion for new trial. *See Vidaurri*, 49 S.W.3d at 886. If a motion for new trial is used, the motion should indicate with some specificity the evidence the defendant would have presented if the separate hearing had been accorded. *See Salinas v. State*, 980 S.W.2d 520, 521 (Tex. App.—Houston [14th Dist.] 1998, pet ref'd).

Here, it is undisputed that appellant did not object to the trial court during the hearing or raise the issue in a motion for new trial. Appellant nevertheless argues that, like the defendant in *Issa*, he was not given an opportunity to object to the trial court's failure to conduct a separate punishment hearing. However, the defendant in *Issa* preserved error by filing a motion for new trial. 826 S.W.2d at 161. Because he did not object at the hearing or raise the issue in a motion for new trial indicating what evidence he would have presented, appellant has not preserved this issue for appeal. *See Vidaurri*, 49 S.W.3d at 886; *Foster*, 80 S.W.3d at 641; *Salinas*, 980 S.W.2d at 521.

Furthermore, even if appellant had preserved error, *Issa* does not stand for the absolute right to a separate punishment hearing. Rather, it requires that the defendant have an opportunity to present evidence in mitigation of punishment, even if presented before the actual adjudication. *Hardeman v. State*, 1 S.W.3d 689, 690–91 (Tex. Crim. App. 1999). Here, appellant testified at length at the conclusion of the hearing. He stated that he had been taking care of his elderly

6

grandmother, disabled mother, and daughter. He noted that his family had a history of mental and physical health problems, he worked at two different jobs, he was registered to take classes at a community college, and he had committed no major violations of the law before he pleaded guilty to the two offenses of injury to a child. This testimony had no relation to the adjudication of his guilt because it did not concern the alleged violations of his community supervision. Appellant also asked the trial court to reinstate his probation so he could finish his required community service. And, in his closing argument, appellant's counsel argued,

> My client was given three years deferred and was given a chance. He has obviously not done very well within that period of time; however, he does have some things going for him. He does work. He does try to support his family and his children. And he is trying to go to school to better himself and to do better for his family. . . .
>
> So we would simply request either reinstate a modification and extension or prison, T.D.C., for less than four years.

Thus, the record demonstrates that the trial court actually allowed appellant to present testimony that can only be classified as mitigation evidence and make arguments to the trial court concerning his punishment. Accordingly, we cannot conclude that appellant was not given an opportunity to present punishment evidence at the hearing. *See Hardeman*, 1 S.W.3d at 690–91; *Euler v. State*, 158 S.W.3d 75, 78 (Tex. App.—Houston [14th Dist.] 2005), *aff'd*, 218 S.W.3d 88 (Tex. Crim. App. 2007) (holding that trial court did not err in not conducting a

separate punishment hearing where defendant was able to present mitigation evidence during adjudication hearing).

We overrule appellant's sole point of error.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish.   TEX. R. APP. P. 47.2(b).