In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00374-CR
_____

RONALD JASON DUCHAINE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 98-76111

## MEMORANDUM OPINION

Ronald Jason Duchaine[1] appeals from the trial court's revocation of his community supervision. In one issue, Duchaine contends that the trial court erred in assessing and sentencing him immediately after adjudicating his guilt. We overrule Duchaine's issue and affirm the trial court's judgment.

Duchaine was indicted for the offense of aggravated robbery. *See generally* Tex. Penal Code Ann. § 29.03 (West 2011). Pursuant to a plea bargain agreement,

_____

[1] Ronald Jason Duchaine is also known as Ronald Charles Duchaine.

1

he entered a plea of guilty to the offense. The trial court found the evidence sufficient to find Duchaine guilty, but deferred finding him guilty, and placed him on community supervision for six years. The State subsequently filed a motion to revoke Duchaine's community supervision. Duchaine pled "true" to four violations of the terms of his community supervision. Thereafter, the trial court found that Duchaine violated the terms of the community supervision order, found Duchaine guilty of aggravated robbery, revoked Duchaine's community supervision, and imposed a sentence of twenty-five years of confinement.

In his sole issue, Duchaine argues the trial court erred in pronouncing sentence without giving him an opportunity to make objections. The Texas Code of Criminal Procedure provides that "[i]f community supervision is revoked after a hearing . . . , the judge may proceed to dispose of the case as if there had been no community supervision[.]" Tex. Code Crim. Proc. Ann. art. 42.12, § 23 (West Supp. 2012). When a trial court adjudicates an offense for which a defendant received deferred adjudication, the court must then afford the defendant an opportunity to present punishment evidence. *Pearson v. State*, 994 S.W.2d 176, 178 (Tex. Crim. App. 1999) (citing *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992)). The Court in *Pearson* explained that "[i]t is immaterial that the

opportunity to present evidence came before the actual words of adjudication." *Id.* at 179.

Although a defendant is entitled to present punishment evidence at a hearing following an adjudication of guilty, "it is a statutory right which can be waived." *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001). To preserve error, a defendant generally is required to make a timely objection in the trial court. Tex. R. App. P. 33.1. To successfully complain on appeal that he was denied the opportunity to present punishment evidence, a defendant must first make an objection in the trial court or, if there was no opportunity to object, timely file a motion for new trial. *See Vidaurri*, 49 S.W.3d at 886. If a motion for new trial is used, the motion should indicate with some specificity the evidence the defendant would have presented if the separate hearing had been accorded. *Salinas v. State*, 980 S.W.2d 520, 521 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).

Here, it is undisputed that Duchaine did not object to the trial court during the hearing. Duchaine claims he preserved error through a motion for new trial raising these matters. After reviewing the record, we conclude that while Duchaine filed a motion for new trial, his motion was untimely, and therefore, failed to preserve error. *See* Tex. R. App. P. 21.4(a). In addition, Duchaine failed to indicate in his motion for new trial what evidence he would have presented at a separate

3

hearing on punishment. *See Salinas*, 980 S.W.2d at 521. We conclude that Duchaine failed to preserve his issue for appellate review. *See* Tex. R. App. P. 33.1.

Moreover, assuming without finding that Duchaine preserved error, Duchaine had an opportunity to present evidence in mitigation of punishment, even if it was presented before the actual adjudication. *See Pearson*, 994 S.W.2d at 179. Duchaine's counsel explained to the court that Duchaine moved to New York because his mother became ill. Counsel informed the court that Duchaine ran a small café and worked full time as a maintenance person. The court was informed that Duchaine is married and has a young child. Duchaine testified that he thinks about his offense and his victims daily. Duchaine's counsel further stated that Duchaine "asks the Court to consider the low range of the punishment when considering his first degree felony[,]" and "to honor what the State of Texas offered him[.]" The record demonstrates that the trial court allowed Duchaine to present testimony and make arguments to the trial court concerning his punishment. Accordingly, we cannot conclude that he was not given an opportunity to present punishment evidence at the hearing.

Having overruled Duchaine's sole issue, we affirm the trial court's judgment.

4

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on May 22, 2013
Opinion Delivered July 10, 2013
Do not publish

Before McKeithen, C.J., Kreger and Horton, JJ.