**Affirmed and Memorandum Opinion filed June 28, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00075-CR

## MATTHEW AARON MITCHUM, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 14-CR-2863**

## M E M O R A N D U M   O P I N I O N

Appellant Matthew Aaron Mitchum appeals the trial court's adjudication of guilt for the offence of stalking and assessment of punishment at three years' confinement in prison. Appellant asserts two issues on appeal: (1) the trial court violated his right to due process and due course of law by failing to conduct a hearing regarding punishment, separate from the adjudication hearing; and (2) appellant's

trial counsel was ineffective for failing to request a separate punishment hearing to develop mitigating evidence. We affirm.

## I.        Background

Appellant pled guilty to the felony offense of repeated violation of a protective order, and was sentenced to community supervision for four years. Appellant violated several conditions of his community supervision; thus, the State moved to adjudicate appellant's guilt and revoke his community supervision. The trial court found several allegations in the State's motion to be true and found appellant guilty of the offense to which he had previously pleaded guilty, revoked appellant's community supervision, and assessed appellant's punishment at three years' in prison. This appeal followed.

## II.        Analysis

### A.        Failure to preserve error

In his first issue, appellant claims the trial court violated his right to due process and due course of law by failing to conduct a hearing regarding punishment, separate from the adjudication hearing.

The Texas Code of Criminal Procedure provides that "[i]f community supervision is revoked after a hearing ..., the judge may proceed to dispose of the case as if there had been no community supervision." Tex. Code Crim. Proc. art. 42.12, § 23(a). Thus, when a trial court adjudicates a defendant's guilt after having deferred adjudication, the court must afford the defendant an opportunity to present punishment evidence. *See Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992); *see also* Tex. Code Crim. Proc. art. 42.12, § 5(b) ("After an adjudication of guilt, all proceedings, including assessment of punishment, ... continue as if the adjudication of guilt had not been deferred.").

2

Although a defendant is entitled to present punishment evidence at a hearing following an adjudication of his guilt, it is a statutory right that can be waived. *See Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); *Lopez v. State*, 96 S.W.3d 406, 414 (Tex. App.—Austin 2002, pet. ref'd); *Foster v. State*, 80 S.W.3d 639, 641 (Tex. App.—Houston [1st Dist.] 2002, no pet.). To preserve error, a defendant is generally required to make a timely objection in the trial court. *See* Tex. R. App. P. 33.1. Thus, in order to successfully complain on appeal about the denial of the opportunity to present punishment evidence, a defendant must first make an objection in the trial court or, if there is no opportunity to object, timely file a motion for new trial. *See Vidaurri*, 49 S.W.3d at 886. If he files a motion for new trial, he should indicate with some specificity in the motion the evidence that he would have presented if the separate hearing had been provided. *See Salinas v. State*, 980 S.W.2d 520, 521 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).

Here, appellant claims he "had no opportunity to object to the failure to hold a separate punishment hearing because the court immediately proceeded to punishment." Appellant's assertion is belied by the record. After the trial court made findings on the State's motion to adjudicate, the trial judge asked: "Is there anything you want to present before I announce sentence?" Appellant's trial counsel responded, "No, Your Honor." Thus, appellant was given an opportunity but did not object to the trial court's failure to hold a separate hearing on punishment.

Appellant claims his motion for new trial preserved error. In his brief, appellant concedes that "[w]hile the allegations in that motion [d]o not precisely comport with this complaint on appeal . . .." Appellant argues, however, the motion still preserves error because the motion for new trial, which claimed his trial attorney rendered ineffective assistance of counsel because she failed to investigate and present mitigating evidence, "put the trial court on notice that mitigating evidence

was not presented before the court." What is not preserved by the motion for new trial is appellant's claim that he was denied due process because he did not receive a separate hearing on punishment.

Moreover, the motion for new trial failed to indicate any additional evidence that appellant would have offered. *See Salinas*, 980 S.W.2d at 521; *see also Lopez*, 96 S.W.3d at 415 n.3 (although defendant, in his motion for new trial, "did complain of a lack of a separate punishment hearing," he "did not specify" the evidence he "would have presented"); *Hardeman v. State*, 981 S.W.2d 773, 775 (Tex. App.— Houston [14th Dist.] 1998, pet. granted) ("[A]ppellant's motion for new trial only complained that the motion to adjudicate proceeding 'was invalid' because the trial court imposed punishment 'without conducting a separate hearing after the finding of guilt'.... Without having apprised the trial court of what additional evidence would have been offered, appellant has not preserved this complaint for appellate review."), *aff'd*, 1 S.W.3d 689 (Tex. Crim. App. 1999). Because appellant, in his motion for new trial did not inform the trial court of the evidence that he would have presented during a separate punishment hearing, he has not preserved this issue for our review. *See* Tex. R. App. P. 33.1.

In sum, appellant made no trial objection to the court's failure to hold a separate punishment hearing after the adjudication of his guilt, did not raise the denial of a separate hearing (or the due process claim he now raises on appeal) in a motion for new trial, or indicate any additional evidence that he would have offered at a separate punishment hearing. Thus, appellant failed to preserve this issue for appellate review. *See Hardeman*, 1 S.W.3d at 690; *Issa*, 826 S.W.2d at 161; *Salinas*, 980 S.W.2d at 521.

Appellant's first issue is overruled.

4

**B.    Ineffective assistance of counsel.**

In his second issue, appellant claims his trial counsel was ineffective for failing to request a separate punishment hearing to develop mitigating evidence.

To prove ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688–92 (1984). Moreover, appellant bears the burden of proving his claims by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In assessing appellant's claims, we apply a strong presumption that trial counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When, as in this case, no proper evidentiary record is developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). If there is no hearing or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State*, 23 S.W.3d 198, 208–09 (Tex. App.— Houston [14th Dist.] 2000, pet. ref'd). The Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). On such a silent record, we can find ineffective assistance of counsel only if the challenged conduct was " 'so outrageous that no competent attorney would have engaged in it.' " *Goodspeed v. State*, 187

S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Although a motion for new trial was filed in this case, we have no record or affidavit regarding counsel's trial strategy.

Appellant complains trial counsel failed to present any mitigating evidence. The record before this court does not reflect that any mitigating evidence existed. Nor does the record show that if such evidence existed, trial counsel could not have reasonably determined that the potential benefit of such evidence outweighed the risk of unfavorable counter-testimony. Because the record itself does not affirmatively demonstrate there was mitigating evidence that trial counsel failed to present, appellant has failed to satisfy the first prong of Strickland. *See Bone*, 77 S.W.3d at 834.

Appellant's second issue is overruled.

### III.    Conclusion

The judgment of the trial court is affirmed.

/s/    John Donovan
Justice

Panel consists of Justices Christopher, Donovan, and Jewell.
Do Not Publish—Tex. R. App. P. 47.2(b).

6