# NOS. 12-22-00191-CR
# 12-22-00192-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MASON BRADLEE BELK,*<br>*APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SABINE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Mason Bradlee Belk appeals his convictions for aggravated assault and aggravated kidnapping. In three issues, Appellant challenges his sentences and the trial court's adjudication of guilt. We reverse the trial court's judgment with respect to the punishment imposed in case number CR1807604 (appellate cause number 12-22-00191-CR) and remand for a new punishment hearing. We affirm the trial court's judgment in case number CR2107947 (appellate cause number 12-22-00192-CR).

### BACKGROUND

On February 13, 2018, Appellant was indicted for one count of aggravated assault (case number CR1807604).[1] The indictment states that Appellant "intentionally, knowingly, and recklessly caused bodily injury to Linden Payne by striking the said Linden Payne about the head, and the defendant did then and there use or exhibit a deadly weapon, namely, a pistol, during the commission of the assault[.]" On April 6, 2021, in a separate case, the State charged Appellant by information with one count of aggravated kidnapping (case number CR2107947).[2]

---

[1] *See* TEX. PENAL CODE ANN. § 22.02 (West 2021).

[2] *See id.* § 20.04 (West 2021).

Appellant waived indictment for this offense. Also on April 6, pursuant to a plea agreement with the State, Appellant pleaded "guilty" to both counts, and the trial court placed him on deferred adjudication community supervision for a period of five years in each case.

On April 13, 2022, the State moved to revoke Appellant's community supervision and proceed with an adjudication of guilt on both counts. At the revocation hearing, Appellant pleaded "not true" to the State's allegations that he failed to comply with the terms and conditions of his community supervision. After the evidentiary hearing, the trial court granted the State's motion, adjudicated Appellant "guilty" on both counts, and subsequently assessed punishment of forty years' imprisonment for the aggravated assault count and forty years' imprisonment for the aggravated kidnapping count, with the sentences to run concurrently. This appeal followed.

## LEGALITY OF SENTENCE

In his first issue, Appellant argues the trial court imposed a sentence outside of the lawful range of punishment for the count of aggravated assault, case number CR1807604.

### Applicable Law

"[A] defendant has an absolute and nonwaivable right to be sentenced within the proper range of punishment established by the Legislature." *Speth v. State*, 6 S.W.3d 530, 532–33 (Tex. Crim. App. 1999). A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *see also Bell v. State*, 635 S.W.3d 641, 645 (Tex. Crim. App. 2021). An illegal sentence is without legal effect, and any court with jurisdiction can notice and act upon an illegal or void sentence at any time, even if the defendant did not make a contemporaneous objection. *Baker v. State*, 278 S.W.3d 923, 926 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). An appellate court does not have authority to reform a void sentence. *Id.*; *see also Farias v. State*, 426 S.W.3d 198, 200 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

A person commits aggravated assault if he or she "commits assault as defined in § 22.01 and the person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a) (West 2021). Aggravated assault is generally a second-degree felony and carries a punishment range of no less than two years but no more than twenty years. *See id.* § 12.33(a);

2

22.02(b) (West 2021). Aggravated assault may be elevated to a first-degree felony if certain factors apply, including 1) the victim was or had been in a dating relationship with appellant, 2) the victim was related to the appellant by consanguinity or affinity, (or was a former spouse of appellant or shared a child with appellant), 3) the victim lived in a household with appellant at the time of the offense, 4) the victim was a public servant, process server, or security officer, 5) appellant assaulted the victim in retaliation because she reported a crime or served as a witness, prospective witness, or informant, or 6) appellant committed aggravated assault by discharging a firearm from a vehicle. *See id.* § 22.02(b).

When "an indictment facially charges a complete offense, it is reasonable to presume the State intended to charge the offense alleged, and none other." ***Thomason v. State***, 892 S.W.2d 8, 11 (Tex. Crim. App. 1994). Therefore, "the State is held to the offense charged in the indictment, regardless of whether the State intended to charge that offense." ***Id.***; *see also* ***Rodriguez v. State***, 18 S.W.3d 228, 232 (Tex. Crim. App. 2000).

**Analysis**

The indictment charging Appellant with aggravated assault does not specify which subsection of Section 22.02 Appellant violated. The indictment states that Appellant caused "bodily injury" (not "serious bodily injury") and that he used or exhibited a deadly weapon during the assault. The indictment does *not* state that the victim had any particular relationship to or with Appellant, that the victim was employed in any specific profession or capacity, that Appellant assaulted her in retaliation for reporting a crime or serving as a witness, prospective witness, or informant, or that Appellant at any time discharged a firearm from a vehicle. Consequently, none of the factors that would enhance Appellant's offense to a first-degree felony are present. On its face, the indictment therefore charges Appellant with violating Section 22.02(a)(2). *See* ***Thomason***, 892 S.W.2d at 11.

The plea bargain data sheet identifies the charge as both a first-degree and second-degree felony on different pages, while the order of deferred adjudication identifies the offense as a second-degree felony. The trial court's original judgment adjudicating Appellant's guilt for aggravated assault also identifies the degree of offense as "second," and this designation is unchanged in the subsequent *nunc pro tunc* judgment adjudicating guilt.

Based upon our review of the record, we conclude that Appellant was convicted of aggravated assault under Section 22.02(a)(2), a second-degree felony. The record lacks any

allegation by the State or finding by the trial court that Appellant should receive an enhanced sentence. Accordingly, Appellant's forty-year sentence for the aggravated assault count is outside the permissible range; it is therefore illegal and void. *See Mizell*, 119 S.W.3d at 806; *Ex parte Pena*, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002). We sustain Appellant's second issue, reverse the trial court's judgment as to the forty-year sentence for aggravated assault, and remand cause number CR1807604 to the trial court for a new hearing on punishment.

## SEPARATE PUNISHMENT HEARING

In his second issue, Appellant claims the trial court violated his right to due process by failing to order a presentence investigation or conduct a hearing regarding punishment, separate from the adjudication hearing.[3]

### Applicable Law

When a trial court adjudicates a previously deferred finding of guilt, the trial court must allow the accused the opportunity to present evidence in mitigation of punishment, if such evidence has not already been elicited in the proceedings. *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). The right to present punishment evidence before the trial court is a statutory right that a defendant may waive. *See Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); *Lopez v. State*, 96 S.W.3d 406, 414 (Tex. App.—Austin 2002, pet. ref'd). To preserve error on appeal regarding the denial of the opportunity to present punishment evidence, a defendant must first make an objection in the trial court or, if there is no opportunity to object, timely file a motion for new trial. *See* TEX. R. APP. P. 33.1; *Vidaurri*, 49 S.W.3d at 886; *Hardeman v. State*, 981 S.W.2d 773, 775 (Tex. App.—Houston [14th Dist.] 1998, pet. granted), *aff'd*, 1 S.W.3d 689, 691 (Tex. Crim. App. 1999). To preserve error via a motion for new trial on the lack of a separate punishment hearing, a defendant should "indicate with some specificity" in the motion the evidence that he would have presented if the separate hearing had been provided. *Salinas v. State*, 980 S.W.2d 520, 521 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).

Generally, when a sentence is to be determined by a judge, Article 42A.252 of the Texas Code of Criminal Procedure requires that, "before the imposition of the sentence . . . the judge

---

[3] Appellate also makes this argument with respect to appellate cause number 12-22-00191-CR, but because we are remanding that cause for a new punishment hearing, we need not address the issue with respect to that case. *See* TEX. R. APP. P. 47.1.

shall direct a supervision officer to prepare a presentence report[.]" TEX. CODE CRIM. PROC. ANN. art. 42A.252(a) (West 2021); ***Stringer v. State***, 309 S.W.3d 42, 45 (Tex. Crim. App. 2010). However, when a defendant fails to object to the lack of a presentence investigation or bring the omission to the trial court's attention, he waives the requirement and error on this issue is not preserved for appellate review. ***Clayton v. State***, No. 06-09-00082-CR, 2009 WL 3151207, at *5 (Tex. App.—Texarkana Oct. 2, 2009, pet. ref'd) (mem. op., not designated for publication); *see also* ***Swindell v. State***, No. 07-21-00248-CR, 2022 WL 3021153, at *2 (Tex. App.—Amarillo July 29, 2022, no pet.) (mem. op., not designated for publication); ***Taylor v. State***, No. 12-02-00307-CR, 2003 WL 22019439, at *2 (Tex. App.—Tyler Aug. 27, 2003, pet. ref'd) (mem. op., not designated for publication); ***Eddie v. State***, 100 S.W.3d 437, 445 (Tex. App.—Texarkana 2003, pet. ref'd).

**Analysis**

Appellant argues that he was "denied the opportunity to present any additional evidence that would tend to mitigate his punishment in this case, or to request a pre-sentence investigation[.]" The reporter's record shows that after the trial court adjudicated Appellant "guilty," Appellant did not object to the lack of a pre-sentence investigation, request an opportunity to present additional evidence on punishment, or object to the lack of such an opportunity before the trial court assessed his sentence. Even assuming that Appellant did not have sufficient chance to raise these objections before the trial court, Appellant later filed separate motions for new trial for both charges, which he could have used to preserve error. *See* ***Hardeman***, 981 S.W.2d at 776. However, these motions contain no express objection to the lack of either a pre-sentence investigation or a separate punishment hearing; each only states generally that the trial court "committed a material error likely to injure Defendant's rights[.]" Neither motion specifies what additional evidence Appellant would have offered if the trial court had held a separate punishment hearing. *See* ***Salinas***, 980 S.W.2d at 521.

In sum, Appellant made no trial objection to the court's failure to order a pre-sentence investigation or hold a separate punishment hearing after the adjudication of his guilt, did not raise either the lack of a pre-sentence investigation or the denial of a separate punishment hearing (or the due process claim he now raises on appeal) in his motions for new trial, and did not indicate any additional evidence that he would have offered at a separate punishment

5

hearing. Thus, Appellant failed to preserve these issues for our review. *See* TEX. R. APP. P. 33.1.

### ABUSE OF DISCRETION IN ADJUDICATION OF GUILT

In his third issue, Appellant argues that the trial court abused its discretion in adjudicating him "guilty" of aggravated assault and aggravated kidnapping pursuant to the State's respective motions for adjudication, and thereafter sentencing him to incarceration.

## Applicable Law

In community supervision revocation cases, the state must establish by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). On appeal, we examine the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Duncan v. State*, 321 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2010, pet ref'd).

When the state has met its burden of proof and no procedural obstacle is raised, the decision whether to revoke community supervision is within the trial court's discretion. *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. 1979). Thus, our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). If there is some evidence to support the finding of even a single violation, the revocation order must be upheld. *See Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); *Cochran v. State*, 78 S.W.3d 20, 28 (Tex. App.—Tyler 2002, no pet.) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)). "A defendant's admission of a violation to a probation officer, by itself, is sufficient to support a revocation." *Anthony v. State*, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.); *see also Hernandez v. State*, 704 S.W.2d 909, 910 (Tex. App.—Waco 1986, no pet.) (citing *Cunningham v. State*, 488 S.W.2d 117, 121 (Tex. Crim. App. 1972)). A trial court has broad sentencing discretion at a hearing on the revocation of community supervision and adjudication of guilt. *See* TEX. CODE CRIM. PROC. ANN. art.

42A.751(d) (West 2021); *see also* **State v. Waters**, 560 S.W.3d 651, 661 (Tex. Crim. App. 2018) (recognizing nature of revocation proceedings is "highly discretionary"). A trial court's decision to revoke, adjudicate, and sentence a defendant, rather than continuing community supervision and ordering substance abuse treatment, is within this broad sentencing discretion. **Lyle v. State**, No. 02-17-00227-CR, 2019 WL 3024480, at *3 (Tex. App.—Fort Worth July 11, 2019, pet. ref'd) (mem. op., not designated for publication); *see also* **Mathis v. State**, No. 04–09–00075–CR, 2009 WL 3320270, at *2 (Tex. App.—San Antonio Oct.14, 2009, no pet.) (mem. op., not designated for publication) ("revoking defendant's probation instead of sending her to in-patient drug treatment did not amount to an abuse of discretion").

**<u>Analysis</u>**

The terms of Appellant's community supervision required him to make monthly payments for a supervision fee, substance abuse testing fee, court appointed attorney fee, and fine, as well as to abstain from the use of illegal controlled substances. In the State's motion to adjudicate, it alleged that Appellant violated the terms of his community supervision by failing to make the required monthly payments and failing to abstain from drug use. Appellant pleaded "not true" to the State's allegations.

At the revocation hearing, Krista Gilder, Appellant's community supervision officer, testified that Appellant failed to make payments toward the amounts owed under the terms of his supervision, even at times when he claimed to be employed. Gilder also testified that Appellant tested positive for amphetamine, methamphetamine, benzodiazepine, and marijuana on March 15, 2022, and admitted to her that he recently used marijuana and methamphetamine. Appellant testified that he was behind on paying the fees he owed, and could not pay because he was not making enough money. Appellant testified that because he was experiencing the breakup of a relationship, he used marijuana and methamphetamine during the term of his community supervision, and admitted this use to Gilder both verbally and in a written admission form.

Appellant concedes that "the positive drug test authorized the trial court to revoke [Appellant's] probation and find him guilty." However, Appellant nevertheless contends that the trial court abused its discretion by adjudicating him "guilty" and sentencing him to imprisonment instead of continuing his community supervision and ordering him to enroll in a drug rehabilitation program. He asserts that others on community supervision "have had a much worse record and faired [sic] a lot better." Appellant cites no authority that would have required

the trial court to impose substance-abuse treatment in lieu of revocation and adjudication. *See* TEX. R. APP. P. 38.1(i) ("[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities....").

Appellant's admission to his probation officer that he used illegal controlled substances (which was before the trial court in both Gilder's and Appellant's testimony, as well as the admission form signed by Appellant) is sufficient to support a reasonable belief that he violated at least one condition of his community supervision as set forth in the State's motion, and the trial court had broad discretion in deciding whether to continue, modify, or revoke community supervision in the event of a violation. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.751(d); ***Anthony***, 962 S.W.2d at 246. Therefore, the trial court did not abuse its discretion in revoking Appellant's community supervision, adjudicating him "guilty," and sentencing him to prison. Accordingly, we overrule Appellant's third point of error.

## DISPOSITION

We ***reverse*** the trial court's judgment in cause number 12-22-00191-CR, trial case number CR1807604 as to punishment and ***remand*** this case for a new hearing on punishment only. We ***affirm*** the trial court's judgment in cause number 12-22-192-CR, trial case number CR2107947.

GREG NEELEY
Justice

Opinion delivered April 20, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 20, 2023**

**NO. 12-22-00191-CR**

**MASON BRADLEE BELK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 273rd District Court

of Sabine County, Texas (Tr.Ct.No. CR-1807604)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** as to punishment and the cause **remanded** to the trial court **for a new hearing on punishment** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 20, 2023**

**NO. 12-22-00192-CR**

**MASON BRADLEE BELK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 273rd District Court

of Sabine County, Texas (Tr.Ct.No. CR-210794)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*