**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00226-CR**
_____

**CRAIG BAREFIELD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 1A District Court**
**Tyler County, Texas**
**Trial Cause No. 14,042**

**MEMORANDUM OPINION**

Appellant Craig Barefield appeals the trial court's revocation of his community supervision. Under a plea bargain agreement, Barefield pleaded guilty to the offense of manufacture and delivery of a controlled substance, namely phencyclidine (PCP), in an amount of four grams or more but less than two hundred grams, a first-degree felony. *See* Tex. Health & Safety Code Ann. § 481.112(d). On September 22, 2022, the trial court accepted the plea, but the trial court deferred adjudication of guilt and placed Barefield on community supervision for five years,

1

imposed a $500 fine, and ordered Barefield to pay $180 in restitution. The Order

Imposing Conditions of Community Supervision ordered Barefield to comply with

the following provisions, in relevant part:

> 2. Defendant shall avoid injurious or vicious habits; you are forbidden to use, possess, or consume any controlled substance, dangerous drugs, marijuana, alcohol or prescription drug not specifically prescribed to you by lawful prescription.
> . . .
> 6. Defendant shall work faithfully at suitable employment as far as possible.
> . . .
> 14. Defendant shall perform 40 hours of Community Service Restitution at a governmental, charitable, or non-profit organization as assigned by the Community Supervision Officer in charge of the case, at a rate of no less than 16 hours per month, beginning within thirty (30) days of today's date and be responsible for any costs of supervision.

On March 2, 2023, the State filed a motion to adjudicate guilt and revoke

Barefield's community supervision, alleging Barefield: (1) violated Condition 2 of

the terms of his community supervision because he admitted to the usage of PCP

and alcohol on February 22, 2023; (2) violated Condition 6 of the terms of his

community supervision because he failed to obtain employment; and (3) violated

Condition 14 of the terms of his community supervision because he failed to comply

with the court's order to perform community service and was forty hours in arrears.

At a hearing on the State's motion to adjudicate and revoke Barefield's community

supervision, Barefield pleaded "not true" to the allegations in the motion. After

hearing evidence, the trial court adjudicated Barefield guilty, and found the

2

allegations in the motion to revoke "true." After hearing punishment evidence, the trial court sentenced Barefield to thirty years of confinement. On appeal, Barefield argues in three issues that the evidence was insufficient to support revocation on each of the alleged violations of his community supervision and that the trial court abused its discretion in sentencing Barefield to thirty years of confinement. We affirm the trial court's judgment.

Standard of Review

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Id.* at 763-64; *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In the context of a revocation proceeding, "a preponderance of the evidence" means "th[e] greater weight of [] credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Rickels*, 202 S.W.3d at 764.

In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). The trial court abuses its discretion only

if its decision "was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). Revocation is appropriate when a preponderance of the evidence supports at least one of the State's allegations that the defendant violated a condition of his community supervision. *See Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). A single violation of a term of community supervision is sufficient to support the trial court's decision to revoke community supervision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Brooks v. State*, 153 S.W.3d 124, 127 (Tex. App.—Beaumont 2004, no pet.).

Issues on Appeal

In his appellate brief, Barefield states his issues as follows:

ISSUE # 1: The Trial Court erred in finding that the allegations in the First Motion to Proceed with Adjudication of Guilt are true, concerning Condition 6 "Failed to work faithfully at suitable employment", because the State failed to meet its burden of proof on this allegation.

ISSUE #2: The Trial Court erred in finding that the allegations in the First Motion to Proceed with Adjudication of Guilt are true, concerning Condition 14 "Failed to perform 40 hours community service", because the State failed to meet its burden of proof on this allegation.

ISSUE #3: The Trial Court's finding that the allegations in the First Motion to Proceed with Adjudication of Guilt are true, concerning the

allegations regarding Condition 2 "failure to abstain from the use of narcotic or habit forming drugs", and the subsequent judgment that Appellant was sentenced to 30 years in TDCJ, were an abuse of discretion.

Analysis

First, we will address his third issue. In his third issue, Barefield argues the trial court abused its discretion in finding true the allegations in the State's motion to revoke regarding Condition 2. At the hearing, Jamie Glawson, Barefield's probation officer, testified. Glawson testified that she was Barefield's probation officer in April of 2023, when Barefield admitted to using PCP and alcohol in violation of his probation. According to Glawson, Barefield signed an "Admittance of Use" on May 22, 2023, and that form is a regular record Glawson keeps in the probation office. Glawson testified that on the form Barefield, the defendant at trial, admitted to using PCP and alcohol, and both Barefield and Glawson signed the form. The "Voluntary Admittance of Controlled Substance Usage" form was admitted as State's Exhibit 2 without objection. The form reflects Barefield's hand-written initials next to hand-written checks next to the form's choices of "PCP" and "Alcohol" under the category for "Controlled Substances Used" and the hand-written date of "2-16-23" next to both substances "PCP" and "Alcohol[.]" The form appears to have been signed and dated "2-22-23" by both Barefield and Glawson. Just above the signatures the form states the following typed language:

5

> I understand that the use of the above illegal substance is not only a direct violation of my terms and conditions of community supervision, but also a violation of statutory law. This admittance is given freely and voluntarily. No promises of any kind were offered to me in exchange for this admittance. Furthermore, my Community Supervision Officer has thoroughly explained to me the consequences of continued use of illegal substances, and that treatment and reporting requirements may be increased, if deemed appropriate.

Although no drug test results were admitted into evidence, Glawson testified that Barefield failed a drug test. Glawson agreed that after Barefield admitted to using drugs in February, a violation report was filed with the District Attorney's Office.

As to the revocation based on the violation of Condition 2, Barefield argues on appeal that "the UA testing reports were not provided to the court[,]" this alleged violation "was supported by the voluntary statement of Appellant only[,]" and the voluntary statement "which Appellant was apparently encouraged to sign" did not notify him "that such admission would result in his incarceration for 30 years." As part of issue three, Barefield also argues that the trial court abused its discretion when it "took a zero tolerance approach[]" and sentenced Barefield to thirty years of confinement.

"[A] defendant's voluntary confession to violating the terms of his or her community supervision is, by itself, sufficient evidence to support a trial court's decision to revoke community supervision." *Briggle v. State*, No. 06-15-00041-CR, 2015 Tex. App. LEXIS 10045, at **13-14, 20-21 (Tex. App.—Texarkana Sept. 25, 2015, no pet.) (mem. op., not designated for publication) (defendant's admission, by

way of a signed admission of drug use admitted at trial with no objection, that she used methamphetamine while on community supervision and in violation of one of the conditions of her community supervision, was sufficient to support trial court's decision to revoke community supervision) (citing *Wade v. State*, 83 S.W.3d 835, 839-40 (Tex. App.—Texarkana 2002, no pet.) (defendant's confession to failing to pay fines and fees, without explanation of inability to pay, was sufficient to support trial court's decision to revoke community supervision)); *see also Cunningham v. State*, 488 S.W.2d 117, 121-22 (Tex. Crim. App. 1972) (holding testimony of probation officer that defendant admitted using narcotics was sufficient to revoke probation for violation of condition that he abstain from use of narcotics); *Whisemant v. State*, No. 07-22-00288-CR, 2023 Tex. App. LEXIS 863, at **3-5 (Tex. App.—Amarillo Feb. 9, 2023, pet. ref'd) (mem. op., not designated for publication) (admission of exhibits signed by defendant in which he admitted to using amphetamine, methamphetamine, marihuana, and alcohol provided sufficient evidence that defendant violated the conditions of community supervision); *Swallow v. State*, Nos. 14-21-00160-CR & 14-21-00161-CR, 2022 Tex. App. LEXIS 4614, at **6-10 (Tex. App.—Houston [14th Dist.] July 7, 2022, no pet.) (mem. op., not designated for publication) (two forms defendant signed admitting he used controlled substances on two occasions and his probation officer's testimony that the defendant admitted to using controlled substances was sufficient evidence that

the defendant violated the conditions of his community supervision by using the controlled substances on two occasions); *Keelin v. State*, No. 07-13-00420-CR, 2014 Tex. App. LEXIS 8936, at **5-7 (Tex. App.—Amarillo Aug. 13, 2014, pet. ref'd) (mem. op., not designated for publication) (in-person admission to supervision officer and signed admission of methamphetamine use sufficient to revoke community supervision); *Hampton v. State*, No. 07-00-0078-CR, 2000 Tex. App. LEXIS 4721, at **4-5 (Tex. App.—Amarillo July 18, 2000, no pet.) (oral admission of a violation of a term or condition of community supervision made to a probationer's probation officer is, by itself, sufficient evidence to support a revocation of community supervision); *Anthony v. State*, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.) (testimony of probation officer and social worker that defendant admitted to using cannabinoids was sufficient to support revocation on that basis); *Hernandez v. State*, 704 S.W.2d 909, 910 (Tex. App.—Waco 1986, no pet.) (evidence that defendant admitted to his probation officer that defendant had been drinking alcohol supported revocation of probation on that ground).

The trial court heard the probation officer's testimony that while on community supervision, Barefield failed a drug test, confessed to using PCP and alcohol in violation of the terms of his community supervision, and that Barefield signed an admission of the violation. Barefield did not object to the testimony or the admission of the "Voluntary Admittance of Controlled Substance Usage" form or

8

argue that he signed it involuntarily. As part of his guilty plea, Barefield signed

Written Plea Admonishments that stated the following:

> DEFERRED ADJUDICATION: If the Court defers adjudicating your guilt and places you on probation, a violation of any condition of probation may result in proceedings being initiated whereby you are arrested and detained, as provided by law, for a hearing by the Court limited to a determination of whether to proceed with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After adjudication of guilt, all proceedings including pronouncement of sentence, granting of probation and your right to appeal continue as if adjudication of guilt had not been deferred. In addition, after adjudication of guilt, the punishment assessed may be any term within the range for the offense and is not limited to the term of probation.

Barefield also signed the Order Imposing Conditions of Community Supervision that

provided the terms of his community supervision and advised him that the trial court

had "the authority to revoke [Barefield's] community supervision at any time during

the period of supervision for any violation of the conditions."

On this record, Barefield's voluntary confession to violating the term of his

community supervision order prohibiting him from "us[ing], possess[ing], or

consum[ing] any controlled substance [or] alcohol" is, by itself, sufficient evidence

to support the trial court's decision to revoke Barefield's community supervision.

*See Briggle*, 2015 Tex. App. LEXIS 10045, at **13-14, 20-21; *see also*

*Cunningham*, 488 S.W.2d at 121-22; *Anthony*, 962 S.W.2d at 246; *Hernandez*, 704

S.W.2d at 910. The trial court could have reasonably concluded that Barefield

violated Condition 2 of his community supervision as alleged in the State's motion

9

to revoke. *See Briggle*, 2015 Tex. App. LEXIS 10045, at \**13-14, 20-21; *see also Cunningham*, 488 S.W.2d at 121-22; *Anthony*, 962 S.W.2d at 246; *Hernandez*, 704 S.W.2d at 910. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the State proved, by a preponderance of the evidence, that Barefield violated one or more conditions of his community supervision. *See Rickels*, 202 S.W.3d at 763; *Cobb*, 851 S.W.2d at 874.

We next address Barefield's argument in issue three that the trial court abused its discretion by not considering placing Barefield in drug treatment or continuing him on community supervision instead of revoking his community supervision and sentencing him to thirty years of confinement. Once sufficient evidence was presented of a violation of a condition as set forth in the order the trial court used when it placed Barefield on community supervision, the trial court had broad discretion in choosing whether to continue, modify, or revoke his community supervision. *See* Tex. Code Crim. Proc. Ann. arts. 42A.751(d), 42A.752(a), 42A.755(a); *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. [Panel Op.] 1979). Because there was sufficient evidence to support revocation as outlined above, the trial court had broad discretion in choosing the sentence, and we conclude the sentence the trial court imposed was within the trial court's discretion. *See* Tex. Penal Code Ann. § 12.32(a) (first-degree felony offense of manufacture or delivery

of a controlled substance carries a punishment range of confinement from five to ninety-nine years). We overrule Barefield's third issue.

Because a single violation of a term of community supervision is sufficient to support the trial court's decision to revoke community supervision, we need not address Barefield's remaining issues on appeal challenging the sufficiency of the evidence that he failed to work faithfully at suitable employment and he failed to perform forty community service hours, as alleged in the State's motion to revoke. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *see also* Tex. R. App. P. 47.1.

We conclude the trial court did not abuse its discretion by revoking Barefield's unadjudicated community supervision and sentencing him to thirty years of confinement and we affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on November 28, 2023
Opinion Delivered January 24, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.